**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| HEXION HOLDINGS LLC, et al.,[1] | : | Case No. 19-10684 (   ) |
| | : | |
| Debtors. | : | Joint Administration Requested |
| | x | |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND APPOINTMENT OF OMNI MANAGEMENT GROUP, INC. AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS**

Hexion Holdings LLC ("**Hexion**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") respectfully request entry of an order, substantially in the form of Exhibit A hereto (the "**Order**"), pursuant to section 156(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), appointing Omni Management Group, Inc. ("**Omni**") as claims and noticing agent ("**Claims and Noticing Agent**") in the Debtors' chapter 11 cases. In support of this application (the "**Application**"), the Debtors rely on and incorporate by reference the (i) *Declaration of George F. Knight, Executive Vice President and Chief Financial Officer, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Knight Declaration**"), filed on the Petition Date (defined below) and (ii) the *Declaration of Brian Osborne[2] in Support of Debtor's Application for Entry of an Order Authorizing the Retention*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

[2] Mr. Osbourne will be available telephonically to testify or to answer any questions that the Court may have.

*and Appointment of Omni Management Group as Claims and Noticing Agent for the Debtors* (the "**Osborne Declaration**"), attached as <u>Exhibit B</u> and incorporated herein by reference. In further support of this Application, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are section 156(c) of title 28 of the United States Code, section 105(a) of  the Bankruptcy Code, Local Rules 2002-1(f) and 9013-1(m) and the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)* (the "**Claims Agent Protocol**").

## BACKGROUND

2.     On April 1, 2019 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

2

Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or examiner.

3.        Additional information about the Debtors' business, capital structure, and the events leading up to the Petition Date are set forth in the Knight Declaration, filed on the Petition Date.

## RELIEF REQUESTED

4.        By this Application, the Debtors seek authority to employ Omni as claims and noticing agent in order to assume full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in these chapter 11 cases.  Due to the exigent circumstances in this case, the  Debtors' selection of Omni to act as the claims and noticing agent deviated from the Claims Agent Protocol as discussed below. The Debtors submit, however, that based upon prior experience in the industry, Omni's rates are competitive and reasonable given Omni's quality of services and expertise.

5.        The terms of Omni's retention are set forth in the Standard Claims Administration and Noticing Agreement annexed hereto as Exhibit 1 to Exhibit A (the "**Engagement Agreement**"); provided, however, that Omni is seeking approval solely of the terms and provisions as set forth in this Application and the proposed order attached hereto.[3]

6.        The Debtors anticipate that there will be thousands of entities to be noticed in these cases.  In view of the number of anticipated claimants, the Debtors submit that the appointment of a claims and noticing agent is both necessary and in the best interests of the Debtors' estates and their creditors.

---

[3] In addition to the filing of this Application, the Debtors intend to file an application whereby they seek to employ Omni as administrative agent in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code because the administration of these chapter 11 cases will require Omni to perform duties outside the scope of 28 U.S.C. § 156(c).

## OMNI'S QUALIFICATIONS

7.    Omni is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases.  Omni has substantial experience in matters of this size and complexity, and has acted as the official notice and claims agent in numerous chapter 11 cases pending in this district and other districts nationwide.  *See, e.g., In re Brookstone Holdings Corp.*, Case No. 18-11780 (BLS) (Bankr. D. Del. 2018); *In re PES Holdings, LLC*, Case No. 18-10122 (KG) (Bankr. D. Del. 2018); *In re Dextera Surgical Inc.*, Case No. 17-12913 (KJC) (Bankr. D. Del. 2017); *In re Charming Charlie Holdings Inc.*, Case No. 17-12906 (CSS) (Bankr. D. Del. 2017); *In re Memorial Production Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 16, 2017); *In re ITT Educational Services, Inc.*, Case No. 16-07207 (JMC) (Bankr. S.D. Ind. Sept. 16, 2016); *In re Joyce Leslie, Inc.*, Case No. 16-22035 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2016); *In re Phoenix Brands, LLC*, Case No. 16-11242 (BLS) (Bankr. D. Del. May 24, 2016); *In re Mission Grp. Kansas*, Case No. 16-20656 (RDB) (Bankr. D. Kan. Apr. 15, 2016).[4]

8.    By appointing Omni as the Claims and Noticing Agent in these chapter 11 cases, the distribution of notices and the processing of claims will be handled efficiently and expeditiously. Furthermore, Omni's appointment would relieve the Office of the Clerk of the Bankruptcy Court (the "**Clerk**") of the administrative burden of processing what may be an overwhelming number of claims.

## SERVICES TO BE PROVIDED

9.    This Application pertains only to the work to be performed by Omni under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c), Local Rule 2002-1(f), and the

---

[4] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Application. Copies of these orders are available upon request of the Debtors' proposed counsel.

Claims Agent Protocol, and any work to be performed by Omni outside of this scope is not covered by this Application or by any order granting approval hereof. Specifically, Omni will perform the following services in its role as Claims and Noticing Agent (the "**Claims and Noticing Services**"), as well as all quality control relating thereto:[5]

a.   Prepare and serve required notices and documents in the chapter 11 cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") in the form and manner directed by the Debtors and/or the Court including (i) notice of the commencement of the chapter 11 cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of the chapter 11 cases;

b.   Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

c.   Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk;

d.   Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

---

[5] The content of the Engagement Letter described herein reflect a summary. If there is any conflict between this summary and the Engagement Letter, the Engagement Letter will control.

e.   Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f.   For *all* notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

g.   Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h.   Maintain the official claims register for each Debtor (the "**Claims Registers**") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, *etc.*), (vi) the applicable Debtor, and (vii) any disposition of the claim

i.   Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims

j.   Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

k.   Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Omni, not less than weekly;

l.   Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the claims register for the Clerk's review (upon the Clerk's request);

m.   Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register;

n.   Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtors or the Court, including through the use of a case website and/or call center;

6

o.      If the case is converted to chapter 7, contact the Clerk's Office within three (3) days of  the notice to Omni of entry of the order converting the case;

p.      Thirty (30) days prior to the close of these cases, to the extent practicable, request that the Debtors submit to the Court a proposed Order dismissing Omni and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of these cases;

q.      Within seven (7) days of notice to Omni of entry of an order closing the chapter 11 cases, provide to the Court the final version of the claims register as of the date immediately before the close of the chapter 11 cases; and

r.      At the close of these cases, box and transport all original documents, in proper format, as provided by the Clerk's Office, to (i) the Federal Archives Record Administration, or (ii) any other location requested by the Clerk's Office.

10.     The Claims Registers shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by Omni.

11.     Omni shall not employ any past or present employee of the Debtors for work that involves the Debtors' bankruptcy cases.

## COMPENSATION AND REPRESENTATION OF DISINTERESTEDNESS

12.     The Debtors request that the undisputed fees and expenses incurred by Omni in the performance of the above-listed services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court.  Omni agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any

party-in-interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties will meet and confer in an attempt to resolve the dispute.  If the parties are unable to reach a resolution, they may seek resolution of the matter from the Court.

13.    Before the Petition Date, the Debtor provided Omni a retainer in the amount of $50,000.  Omni seeks to apply the retainer first to all pre-petition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Engagement Agreement during this chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

14.    Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Omni and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Omni's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Order.  The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in this chapter 11 case.

15.    Although the Debtors do not propose to employ Omni under section 327 of the Bankruptcy Code pursuant to this Application (such retention will be sought by separate application), Omni has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest identified by the Debtors.  To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Osborne Declaration, Omni has represented that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

8

16.     Moreover, in connection with its retention as Claims and Noticing Agent, Omni represents in the Osborne Declaration, among other things, the following:

a.     Omni is not a creditor of the Debtor;

b.     Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this chapter 11 case;

c.     by accepting employment in this chapter 11 case, Omni waives any rights to receive compensation from the United States government in connection with this chapter 11 case;

d.     in its capacity as the Claims and Noticing Agent in this chapter 11 case, Omni will not be an agent of the United States and will not act on behalf of the United States;

e.     Omni will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this chapter 11 case;

f.     Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

g.     in its capacity as Claims and Noticing Agent in this chapter 11 case, Omni will not intentionally misrepresent any fact to any person;

h.     Omni shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

i.     Omni will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

j.     none of the services provided by Omni as Claims and Noticing Agent in this chapter 11 case shall be at the expense of the Clerk's office.

Omni will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## CLAIMS AGENT PROTOCOL

17.     This Application complies with the Claims Agent Protocol and substantially conforms to the standard application pursuant to 28 U.S.C. § 156(c) regularly filed

9

with and granted by the Court. If there is any inconsistency among this Application, the Order, and the Engagement Agreement, then the Order shall govern in all respects.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

18.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

19.     The Debtors will provide notice of this Application by facsimile, e-mail, overnight delivery, or hand delivery to: (i) Linda J. Casey of the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) the United States Attorney's Office for the District of Delaware; (iv) the attorneys general for the states in which the Debtors conduct business; (v) Akin Gump Strauss Hauer & Feld LLP as counsel to the ad hoc group of first lien noteholders; (vi) Milbank LLP as counsel to the ad hoc group of crossover noteholders; (vii) Jones Day as counsel to the ad hoc group of 1.5 lien noteholders; (viii) Simpson Thacher & Bartlett LLP as counsel to JPMorgan Chase Bank, N.A. as administrative agent and collateral agent under the Debtors' prepetition asset-based revolving credit facility; (ix) Wilmington Trust, National Association, as trustee under the First Lien Notes and the Second Lien Notes; (x) Arnold & Porter Kaye Scholer LLP as counsel to Wilmington Savings Fund Society, FSB, as trustee under the 1.5 Lien Notes; (xi) The Bank of New York Mellon, as trustee under the Borden Debentures; (xii) Simpson Thacher & Bartlett LLP and Landis Rath & Cobb LLP as counsel to the administrative agent and collateral agent under the Debtors' postpetition financing facility; (xiii) the Internal Revenue Service; (xiv) the Securities and Exchange Commission; (xv) the Pension

Benefit Guaranty Corporation; and (xvi) the Environmental Protection Agency.  Following the hearing, a copy of this Application and any order entered with respect to it will be served on the foregoing parties and all parties having filed requests for notice in these chapter 11 cases.  A copy of the Application is also available on the Debtors' case website at http://www.omnimgt.com/HexionRestructuring.

## **NO PRIOR REQUEST**

20.     No prior request for the relief sought in this Application has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request entry of the Order granting the relief requested herein and such other relief as the Court may deem just and appropriate.

Dated: April 1, 2019

By: _____

Name: George F. Knight, III
Title:   Executive Vice President and Chief
         Financial Officer of Hexion Holdings LLC

[ADMINISTRATIVE ADVISOR]

**Exhibit A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
|  | x |  |
| In re: | : | Chapter 11 |
|  | : |  |
| HEXION HOLDINGS LLC, et al.,[1] | : | Case No. 19-10684 (   ) |
|  | : |  |
| Debtors. | : | Joint Administration Requested |
|  | x |  |

### ORDER AUTHORIZING THE RETENTION AND APPOINTMENT OF OMNI MANAGEMENT GROUP, INC. AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS

Upon the application (the "**Application**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for an order authorizing the retention and appointment of Omni Management Group, Inc. ("**Omni**") as claims and noticing agent, under 28 U.S.C. §156(c), Section 105(a) of the Bankruptcy Code[2] and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases, and (iii) provide such other administrative services—as required by the Debtors— that would fall within the purview of services to be provided by the Clerk, all as more fully set forth in the Application; and the Debtors having estimated that there are thousands

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

of creditors in these chapter 11 cases, many of which are expected to file proofs of claims, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Omni has the capability and experience to provide such services and that Omni does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and upon the Declaration of Brian Osborne in support of the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is necessary and in the best interests of the Debtors' estates, their creditors, and other parties in interest, and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is granted as set forth herein.

2.      The Debtors are authorized to retain Omni as Claims and Noticing Agent effective as of the Petition Date under the terms of the Engagement Agreement, and Omni is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application (the "**Claims and Noticing Services**").

3.      Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4.      Omni is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5.      Omni is authorized to take such other action to comply with all duties set forth in the Application.

6.      The Debtors are authorized to compensate Omni in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7.      Omni shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official

3

committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

8.    Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable, the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**").

9.    The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10.    Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Omni under this Order shall be an administrative expense of the Debtors' estates.

11.    Omni may apply its retainer to all pre-petition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, Omni may hold its retainer under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses under the Engagement Agreement.

12.    The Debtors shall indemnify Omni under the terms of the Engagement Agreement subject to the following modifications:

    a.    Omni shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court.

    b.    Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is

4

either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Omni should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Omni believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, Omni must file an application therefore in this Court, and the Debtors may not pay any such amounts to Omni before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Claims and Noticing Agent for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Omni. All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution or reimbursement.

d.      In the event Omni is unable to provide the services set out in this order, Omni will immediately notify the Clerk and Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorney.

13.     The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Omni that is not specifically authorized by this Order.

14.     The Debtors and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5

15.     Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

16.     Omni shall not cease providing claims processing services during the chapter 11 cases for any reason, including nonpayment, without an order of the Court.

17.     In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, the terms of this Order shall govern.

18.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated:  _____, 2019
        Wilmington, Delaware

                                     _____
                                     UNITED STATES BANKRUPTCY JUDGE

6

**<u>Exhibit 1</u>**

**Engagement Letter**



March 23, 2019

Hexion Holdings LLC
Attn:  Mr. Douglas Johns, Esq.
          General Counsel
180 East Broad Street
Columbus, Ohio 43215

Re:      **Omni Retention letter**

Mr. Johns:

This letter (the "Agreement") will acknowledge that Hexion, Inc. and its related corporate entities (the "Clients"), have requested Omni Management Group ("Omni") to provide administrative services in connection with the Clients' potential chapter 11 cases. Omni will make itself available to the Clients, as requested, for the purposes of assisting the Clients with administration matters including data entry, preparation of the creditor matrices, noticing services, plan solicitation, debt/equity identification servicing, maintain an informational website, 800# services and any other administrative services as may be requested by the Clients.

The services to be rendered by Omni will be billed at a discount of 10% to our standard hourly rates which range from $25.00 to $155.00 per hour as per the attached rate sheet.  Rates are adjusted annually on January 2nd of each year and are subject to increases not to exceed ten (10%) percent per annum.  Increases greater than ten (10%) percent per annum will be discussed with you, and be subject to your prior approval, before becoming effective.

For this engagement, Omni shall require a general retainer of $50,000. Omni shall be compensated on a monthly basis for those services performed by Omni during the preceding calendar month.  Invoices are payable upon submission.

Mr. Douglas Johns,

March 23, 2019
Page 2

Each of Omni and the Client, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.

The parties understand that the software programs and other materials furnished by Omni pursuant to this Agreement and/or developed while this Agreement by Omni are the sole property of Omni.  The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation.  The Client agree not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.  The Client further agrees that any ideas, concepts, know-how or techniques relating to data processing or Omni's performance of its services developed while its Agreement by Omni shall be the exclusive property of Omni.

This Agreement is terminable at will by the parties hereto upon thirty (30) days written notice. Notwithstanding the foregoing, either party may terminate this Agreement immediately upon written notice in the event of a breach by the other party.  In the event that this Agreement is terminated, regardless of the reason for such termination, Omni shall cooperate with the Client to maintain an orderly transfer of all records, data and information and record keeping functions, and shall provide all necessary staff, services and assistance required for an orderly transfer.  The Client agrees to pay for such services in accordance with Omni's then existing prices for such services.

Mr. Douglas Johns,
March 23, 2019
Page 3

Please acknowledge the above by signing and returning a copy of this letter. Should you have any questions regarding the above, please do not hesitate to call me.

Sincerely,


Brian Osborne
President



Enc.

cc:    Marc Beilinson




Date: ___March 27, 2019___          By: _____

Mr. Douglas Johns,
General Counsel of
Hexion, Inc.

**<u>Exhibit B</u>**

**Osborne Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------- x

In re:                                    :      Chapter 11
                                          :
HEXION HOLDINGS LLC, et al.,[1]           :      Case No. 19-10684 (  )
                                          :
         Debtors.                         :      Joint Administration Requested
--------------------------------------------------- x

**DECLARATION OF BRIAN OSBORNE IN SUPPORT OF THE**
**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**RETENTION AND APPOINTMENT OF OMNI MANAGEMENT GROUP, INC. AS**
**CLAIMS AND NOTICING AGENT FOR THE DEBTORS**

I, Brian Osborne, under penalty of perjury, declare as follows:

1.      I am the CEO and President of Omni Management Group, Inc. ("**Omni**").
The matters set forth herein are made of my own personal knowledge and, if called and sworn as
a witness, I could and would testify competently thereto.[2]

2.      This Declaration is made in support of the application (the "**Application**")
of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), for an order pursuant
to section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United
States Code (the "**Bankruptcy Code**"), and Rule 2002-1(f) of the Local Rules of Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are
Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI
Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409);
Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM
Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar
Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288);
NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors'
corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

[2] Certain of the disclosures herein relate to matters within the knowledge of other professionals at Omni and are
based on information provided by them.

2

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, appointing Omni as claims and noticing agent ("**Claims and Noticing Agent**") effective as of the date of commencement of the Debtor's chapter 11 case (the "**Petition Date**") in accordance with the terms and conditions set forth in that certain agreement dated as of March 23, 2019, between the Debtors and Omni (the "**Engagement Agreement**").

3.    As agent and custodian of the Court records pursuant to 28 U.S.C. § 156(c), Omni will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "**Clerk**"), the noticing and claims related services specified in the Application and the Engagement Agreement.  In addition, at the Debtor's request, Omni will perform such other noticing, claims, administrative, technical, and support services specified in the Application and the Engagement Agreement.

4.    Omni is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases.  Omni has substantial experience in matters of this size and complexity, and has acted as the official notice and claims agent in many large bankruptcy cases pending in this District and other districts nationwide.  *See, e.g.*, *In re Brookstone Holdings Corp.*, Case No. 18-11780 (BLS) (Bankr. D. Del. 2018); *In re PES Holdings, LLC*, Case No. 18-10122 (KG) (Bankr. D. Del. 2018); *In re Dextera Surgical Inc.*, Case No. 17-12913 (KJC) (Bankr. D. Del. 2017); *In re Charming Charlie Holdings Inc.*, Case No. 17-12906 (CSS) (Bankr. D. Del. 2017); *In re Memorial Production Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 16, 2017); *In re ITT Educational Services, Inc.*, Case No. 16-07207 (JMC) (Bankr. S.D. Ind. Sept. 16, 2016); *In re Joyce Leslie, Inc.*, Case No. 16-22035 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2016); *In re Phoenix Brands, LLC*, Case No. 16-11242 (BLS)

3

(Bankr. D. Del. May 24, 2016); *In re Mission Grp. Kansas*, Case No. 16-20656 (RDB) (Bankr. D. Kan. Apr. 15, 2016).[3]

  5.  Before the Petition Date, the Debtor provided Omni a retainer in the amount of $50,000 of which approximately $35,000 remained as of the Petition Date.

  6.  In connection with its retention as Claims and Noticing Agent, Omni represents, among other things, the following:

  a.  Omni is not a creditor of the Debtor;

  b.  Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as Claims and Noticing Agent in this chapter 11 case;

  c.  by accepting employment in this chapter 11 case, Omni waives any rights to receive compensation from the United States government in connection with the Debtor's chapter 11 case;

  d.  in its capacity as Claims and Noticing Agent in this chapter 11 case, Omni will not be an agent of the United States and will not act on behalf of the United States;

  e.  Omni shall not employ any past or present employee of the Debtor in connection with its work as Claims and Noticing Agent in this chapter 11 case;

  f.  in its capacity as Claims and Noticing Agent, Omni will not intentionally misrepresent any fact to any person;

  g.  Omni shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers;

  h.  Omni will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

  i.  none of the services provided by Omni as Claims and Noticing Agent in this chapter 11 case shall be at the expense of the Clerk's Office.

---

[3] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Application. Copies of these orders are available upon request of the Debtors' proposed counsel.

7.     In connection with the preparation of this Declaration, I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "**Parties-in-Interest**") in this case.  The list of potential Parties-in-Interest was provided by the Debtor and included, among other parties, the Debtor, the Debtor's current and former directors and officers, significant stockholders, secured creditors, and top 30 unsecured creditors. The results of the conflicts check were compiled and reviewed by employees of Omni, under my supervision.   At this time, Omni is not aware of any relationship which would present a disqualifying conflict of interest,

8.     Omni currently serves, or in the past may have served, in a neutral capacity as claims, noticing, balloting and/or solicitation agent for certain of these parties or related parties.   However, given Omni's neutral position as claims and noticing agent or administrative advisor in the listed parties' cases, or any other cases, Omni does not view such relationships as real or potential conflicts.   Further, to the best of my knowledge any such relationship is completely unrelated to this chapter 11 case.   Accordingly, to the best of my knowledge, Omni and each of its employees are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, and neither Omni nor any of its employees hold or represent an interest adverse to the Debtor's estate related to any matter for which Omni will be employed.

9.     To the best of my knowledge, neither Omni nor any of its personnel have any relationship with the Debtor that would impair Omni's ability to serve as Claims and Noticing Agent.  Omni may have relationships with certain of the Debtor's creditors as vendors or in connection with cases in which Omni serves or has served in a neutral capacity as claims and noticing agent for another chapter 11 debtor.   To the best of my knowledge, such

5

relationships are completely unrelated to this chapter 11 case. Omni's personnel may have relationships with some of the Debtor's creditors or other parties in interest. To the best of my knowledge, however, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to this chapter 11 case. Omni has, and will continue to represent clients in matters unrelated to this chapter 11 case. In addition, Omni has had, and will continue to have, relationships in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtor's case in matters unrelated to this case.

10.     Should Omni discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Omni will use reasonable efforts to file promptly a supplemental affidavit.

11.     In performing the services of Claims and Noticing Agent, Omni will charge the Debtor the rates set forth in the Engagement Agreement.

12.     Omni will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: April 1, 2019
New York, New York                    */s/ Brian Osborne*_____
OMNI MANAGEMENT GROUP, INC.

6