# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| HEXION HOLDINGS LLC, et al.,[1] | : | Case No. 19-10684 ( ) |
| | : | |
| Debtors. | : | Joint Administration Requested |
| | x | |

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND
## FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN
## PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Hexion Holdings LLC ("**Hexion**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") respectfully submit this motion for the entry of interim and final orders, substantially in the form attached hereto as Exhibit A and Exhibit B (the "**Proposed Orders**"), pursuant to sections 105(a) and 521(a)(1)(B) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing, but not directing, the Debtors to pay prepetition amounts owing in respect of all taxes, including, but not limited to sales, use, property, income, franchise (the "**Prepetition Taxes**") to various federal, state and local authority (collectively, the "**Taxing Authorities**"), and prepetition amounts owing in respect to certain custom duties, licensing,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

permitting and regulatory fees (the "**Fees**" or "**Regulatory Fees**" and together with the Prepetition Taxes, the "**Prepetition Taxes and Fees**") to certain federal state and local government agencies (collectively the "**Regulatory Authorities**" and together with the Taxing Authorities, the "**Authorities**"), and (ii) granting certain related relief.[2]   In support of this motion, the Debtors respectfully represent:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these cases and this motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105(a), 363(b), 506(a), 507(a)(8), 541, 1107, and 1108 of the Bankruptcy Code and rule 6003 of the Bankruptcy Rules.

<u>**BACKGROUND**</u>

2.      On April 1, 2019 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

---

[2] Contemporaneously with the filing of this motion, the Debtors have filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Certain Employee Compensation and Benefits, (B) Maintain and Continue Such Benefits and Other Employee-Related Programs, and (C) Pay Prepetition Claims of Independent Contractors and (II) Granting Related Relief*, which seeks, among other things, authority to pay all local, state, and federal withholding and payroll-related or similar taxes relating to the prepetition period.

Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or examiner.

3.       Additional information about the Debtors' business, capital structure, and the events leading up to the Petition Date are set forth in the *Declaration of George F. Knight, Executive Vice President and Chief Financial Officer, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Knight Declaration**"), filed on the Petition Date. [3]

## RELIEF REQUESTED

4.       By this motion, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request entry of an interim and final order, substantially in the forms attached as <u>Exhibit A</u> and <u>Exhibit B</u>, authorizing but not directing the Debtors, in their discretion, to pay the Prepetition Taxes and Fees they owe to the Authorities, including all Prepetition Taxes and Fees subsequently determined upon audit to be owed for periods prior to the Petition Date, as such Prepetition Taxes and Fees come due in the ordinary course of business (in an amount not to exceed $2,225,000 on an interim basis).

5.       Further, the Debtors request that this Court authorize all applicable banks and other financial institutions to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for Prepetition Taxes and Fees (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and authorize, but not direct, the banks and financial institutions to rely on the

---

[3] Capitalized terms used but not defined in this motion have the meanings used in the Knight Declaration.

Debtors' representations as to which checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this motion.[4]

## BASIS FOR RELIEF REQUESTED

### I.    FACTS SPECIFIC TO RELIEF REQUESTED

6.    As corporate entities, the Debtors incur various tax liabilities and fees and in the past have generally paid such tax liabilities and fees to the relevant Authorities when due in the ordinary course of business.  The schedule attached to this motion as <u>Exhibit C</u> identifies the Authorities.[5]  The Debtors' books and records reflect that, to the Debtors' knowledge, they have paid all Prepetition Taxes and Fees, not otherwise subject to dispute, which were due and payable prior to the Petition Date. Certain Prepetition Taxes and Fees, however, will become due and payable in the ordinary course of business during the postpetition period.[6] Specifically, the Debtors' estimate of the prepetition Taxes and Fees owed is as follows:

---

[4] Contemporaneously with the filing of this motion, the Debtors have filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of the Debtors' Existing Cash Management System and Bank Accounts; (II) Waiving Certain United States Trustee Requirements; (III) Authorizing Continued Performance of Intercompany Transactions; and (IV) Granting Related Relief*, which seeks, among other things, authority to continue using the Debtors' cash management system, including their bank accounts.

[5] The scheduled attached as <u>Exhibit C</u> reflects the Debtors' good faith efforts to identify all applicable Authorities. The inclusion or exclusion of any person or entity from <u>Exhibit C</u> is not intended to be determinative of whether such person or entity is an Authority to whom Prepetition Taxes and Fees may be owed.

[6] In the ordinary course of business, the Debtors sometimes undergo audits and reviews conducted by the various Authorities. Although the below estimates of outstanding taxes are based on a good-faith assessment of the existing amounts due on a prepetition basis, there is a possibility—because of audit rights—that one or more of the various Authorities may determine at a later date that the Debtors owe additional prepetition taxes. The Debtors request authority to pay any undisputed amounts that are later determined to be due.

US-DOCS\105686808.11 RLF1 21032650v.1

| Category | Approximate Amount Accrued as of Petition Date | Approximate Amount Due Within 21 Days |
|---|---:|---:|
| Sales and Use Taxes | $400,000 | $400,000 |
| Real and Personal Property Taxes | $100,000 | $25,000 |
| Federal and State Income and Franchise Taxes | $1,200,000 | $900,000 |
| Customs Duties | $500,000 | $500,000 |
| License, Reporting, and Regulatory Fees | $400,000 | $400,000 |
| **Total** | **$2,600,000** | **$2,225,000** |

7.     The Debtors are subject to the following taxes and fees:

(a)     <u>Sales and Use Taxes</u>.  In the ordinary course, the Debtors collect and remit certain taxes related to the sale, use, and consumption of goods and services arising from the sale, use, and purchase of products, inventory, supplies, or other goods in the Debtors' business.   Specifically, the Debtors collect and remit sales and use taxes to certain Authorities in connection with the operation of their business and sale and distribution of products.  The Debtors also incur use taxes when they purchase materials and services from a vendor that is not registered to collect sales taxes for the state where the property is delivered or the services are provided.  In this circumstance, vendors are not obligated to charge or remit sales taxes. As purchasers, however, the Debtors must self-assess and pay the use taxes, when applicable, to the appropriate Authority.  The Debtors pay amounts owed to the Taxing Authorities for sales and use taxes either directly or through a third-party accounts payable service provider (the "**Third-Party Payor**").

(b)     <u>Real and Personal Property Taxes</u>.  Where the Debtors have operations and real and personal property, the Debtors are subject to property tax levied by state and local governments (the "**Property Taxes**").   The Debtors typically pay real and personal property taxes in the ordinary course as such taxes are invoiced (typically for the prior year or quarter depending on how the relevant tax is assessed).  Payment of the Property Taxes is critical as failure to pay certain Property Taxes may give rise to a state law lien on the applicable property.  Nonpayment could also result in additional fees and penalties.  The Debtors are current, with the exception of contested amounts, in their payments of Property Taxes to the Taxing Authorities.

(c)     <u>Income and Franchise Taxes</u>.  The Debtors are subject to federal and state income and franchise tax liabilities.  Income taxes are assessed on each Debtor entity's income.  If any liability is owed, it is paid either quarterly or annually to the applicable Authority, depending on the jurisdiction.

5

(d)     Customs Duties.  The Debtors incur customs duties and related obligations in connection with the importation or transportation of inventory or other goods used by the Debtors in the operation of their business (the "**Customs Duties**").  The Customs Duties are typically assessed and paid on a monthly basis.

(e)     License, Reporting, and Regulatory Taxes and Fees.  Many state and local Authorities require the payment of license, reporting, and regulatory taxes and fees as a condition to the Debtors conducting business within the applicable jurisdiction.  Importantly, the Debtors pay certain fees and taxes to maintain licenses and permits issued by governmental authorities that govern the regulation and use of air, water, wastewater, solid, and hazardous wastes.

8.     By paying Prepetition Taxes and Fees on their normal due dates, the Debtors ultimately will preserve their estate resources and going-concern values.  If the Debtors do not make timely payments, they will have to spend time and money resolving a multitude of issues related to these obligations, including whether (i) the obligations are priority, secured, or unsecured; (ii) the obligations are pro-ratable or fully prepetition or postpetition; and (iii) penalties, interest, attorneys' fees, and costs accrue on a postpetition basis, and if so, whether the penalties, interest, attorneys' fees, and costs are priority, secured, or unsecured.  The Debtors justifiably want to avoid these unnecessary potential disputes and to avoid the potential economic harm to their estates and stakeholders that could arise from incurring unnecessary penalties, interest, and other costs.

## II.     LEGAL BASIS FOR RELIEF REQUESTED

## A.     Funds Related to Certain Prepetition Taxes and Fees May Be Held In Trust and Are Not Property of the Estate

9.     The Debtors submit that certain of the Prepetition Taxes that they have collected or withheld are held in trust for the benefit of the entities to which payment is owed or on behalf of who such payment is being made.  Accordingly, these taxes are not property of the Debtors' estates under section 541 of the Bankruptcy Code, and such funds are therefore not

available for the satisfaction of creditors' claims.  *See, e.g., Begier v. IRS*, 496 U.S. 53 (1990) (withholding taxes are property held by debtor in trust for another and, as such, not property of the debtors' estates); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3d Cir. 1994) (withheld taxes were subject to a trust); *Al Copeland Enters.*, *Inc. v. Tex.* (*In re Al Copeland Enters.)*, 991 F.2d 233, 235 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon were held subject to trust and not property of estate); *see generally Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gase Sys., Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1060 (3d Cir. 1993) (indicating that even if a statute does not establish an express trust, a constructive trust may be found).  Instead, the Debtors may be obligated to remit such funds to the applicable Authority.  Accordingly, no Court authority may be needed to make these payments, and this relief is requested out of an abundance of caution.

10.     Many federal, state, provincial, and local statutes also impose personal liability on officers and directors of companies for these categories of Prepetition Taxes.  To the extent that the relevant Prepetition Taxes remain unpaid by the Debtors, the Debtors' directors, officers, and executives may be subject to lawsuits or criminal prosecution during these chapter 11 cases.  Any such lawsuit or criminal prosecution (and the ensuing potential liability) would distract the Debtors and their officers, directors, and executives from devoting their full attention to the Debtors' business and the orderly administration of these chapter 11 cases.  The Debtors believe that these distractions would materially and adversely affect their ability to operate in the ordinary course of business and to administer these chapter 11 cases, with resulting detriment to all parties in interest.

**B.      Payment of the Prepetition Taxes and Fees Is Appropriate Under Sections 363(b)
and 105(a) of the Bankruptcy Code and the Doctrine of Necessity**

11.     To the extent that use of the property of the Debtors' estates is implicated

here, the relief requested is appropriate under sections 363(b) and 105(a) of the Bankruptcy Code

and the "doctrine of necessity."   Under section 363(b)(1) of the Bankruptcy Code, a debtor may,

in the exercise of its sound business judgment and after notice and a hearing, "use, sell or lease,

other than in the ordinary course of business, property of the estate."   11 U.S.C. § 363(b)(1).

Generally, the debtor is only required to "show that a sound business purpose" justifies the

proposed use of property.   *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del.

1999); *see also In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (requiring

"good business reason" for use under section 363(b) of the Bankruptcy Code).   This standard

prohibits other parties from second-guessing the debtor's business judgment if the debtor has

shown that the proposed use will benefit the debtor's estate.   *See In re Johns-Manville Corp.*, 60

B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its

business decisions (as distinct from a decision made arbitrarily or capriciously), courts will

generally not entertain objections to the debtor's conduct."); *see also In re Tower Air, Inc.*, 416

F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on

the merits is a near-Herculean task.").

12.     Likewise, section 105(a) of the Bankruptcy Code empowers the Court to

"issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of [the Bankruptcy Code]."   11 U.S.C. § 105(a).   Courts have interpreted this provision to

authorize payments on prepetition claims where the payments are essential to the success of the

debtor's reorganization under what is known as the "necessity of payment doctrine."   *See In re

Lehigh & New Eng. Ry.*, 657 F.2d 570, 581 (3d Cir. 1981) ("Thus, the 'necessity of payment'

doctrine…teaches no more than, if a payment of a claim which arose prior to reorganization is essential to the continued operation of the [debtor's business] during reorganization, payment may be authorized…"); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) "provides a statutory basis for payment of pre-petition claims" under necessity of payment doctrine); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) ("The appropriate standard…is commonly referred to as 'the necessity of payment doctrine.'").

13.     The relief requested in this motion represents a sound exercise of the Debtors' business judgment and is necessary for the preservation of the resources and going-concern values of their estates.  If the Debtors do not pay their Prepetition Taxes and Fees, the respective Authorities may prevent the Debtors from conducting business in applicable jurisdictions, subject the Debtors to audits, seek to lift the automatic stay, and perhaps impose liens, all of which would disrupt the Debtors' operations and harm all parties in interest.  Indeed, certain Authorities require the Debtors to obtain and then renew business licenses and pay corresponding business license fees and business operating taxes.  The Debtors cannot operate their businesses without these licenses, which require the payment of the associated fees and taxes.

14.     Moreover, to the extent that the Prepetition Taxes and Fees are secured by liens on the Debtors' property, interest and penalties may accrue postpetition.  By paying the Prepetition Taxes and Fees, the Debtors reduce the risk of larger claims accruing in the Authorities' favor because prompt payment will avoid the imposition of liens and accrual of interest and penalties on account of the Prepetition Taxes and Fees.

15.     Payment of the Prepetition Taxes and Fees is also appropriate given that a significant portion of them, as discussed below, are afforded priority status.  Moreover, the amounts paid will likely be offset by the amount of postpetition resources that the Debtors will not have to expend in disputes with the Authorities—complications that, in the context of these cases, would needlessly waste the resources of the Debtors and this Court.

**C.     The Prepetition Taxes and Fees Constitute Priority Claims Under Section 507(a)(8) of the Bankruptcy Code**

16.     The Debtors believe that certain Prepetition Taxes and Fees are entitled to priority status under section 507(a)(8) of the Bankruptcy Code and must be satisfied before any general unsecured claims against the Debtors' estates.  11 U.S.C. §§ 507(a)(8), 726.[7]  To the extent that the Prepetition Taxes and Fees are entitled to priority treatment under section 507(a)(8), the Authorities may also attempt to assess additional accrued fees, interest, and penalties.  *See* 11 U.S.C. § 507(a)(8)(G) (granting priority status to a "penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Accordingly, payment of the Prepetition Taxes and Fees merely expedites the treatment these claims are entitled to and is consistent with the priority scheme of the Bankruptcy Code.  Further, it will spare the Debtors the cost of paying any additional accrued amounts to which the Authorities may be entitled.

17.     Furthermore, section 507(a)(8)(E) of the Bankruptcy Code provides priority status to an excise tax on a transaction that occurred within three years immediately preceding the bankruptcy petition.  *See* 11 U.S.C. § 507(a)(8)(E). The Bankruptcy Code does not

---

[7] Section 507(a)(8) of the Bankruptcy Code affords priority to, among other things, unsecured claims of governmental units for (i) taxes on or measured by income or gross receipts for a taxable year ending on or before the Petition Date (§ 507(a)(8)(A)); (ii) property taxes incurred before the Petition Date and last payable without penalty after one year before the Petition Date (§ 507(a)(8)(B)); (iii) taxes required to be collected or withheld and for which the debtor is liable in whatever capacity, (§ 507(a)(8)(C)); and (iv) under certain circumstances, employment taxes on wages, salaries, or commissions (§ 507(a)(8)(D)).

US-DOCS\105686808.11 RLF1 21032650v.1

define "excise tax." The legislative history of section 507(a)(8)(E), however, contains an explanation of "excise tax," which provides that "[a]ll Federal, State or local taxes generally considered or expressly treated as excises are covered by this category, including *sales taxes*, estate and gift taxes . . . ." 124 Cong. Rec. H11113 (daily ed. Sept. 28, 1978); S17430 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. Deconcini (emphasis added).

18. Accordingly, it is likely that a significant portion of the Taxes that accrued or were incurred prior to the Petition Date are priority claims pursuant to section 507(a)(8) of the Bankruptcy Code. Taxes entitled to priority under the Bankruptcy Code must be paid in full under any plan of reorganization the Debtors may pursue. Hence, the payment of Taxes at this time would affect only the timing of the payments and not prejudice the rights of other unsecured creditors.

**D. The Debtors Should Be Authorized to Pay the Prepetition Taxes and Fees Under Sections 1107(a) and 1108 of the Bankruptcy Code**

19. The Debtors are operating their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code, and they are therefore fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) [their] equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). A chapter 11 debtor in possession has the implicit duty "to protect and preserve the estate, including an operating business's going-concern value." *Id.*

20. Courts have noted that a debtor in possession can, in certain instances, fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.* The *CoServ* court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.* The court provided a three-prong test for determining whether a

11

preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id.* at 498.

21.     Payment of the Prepetition Taxes and Fees meets each *CoServ* element. First, it is critical that the Debtors deal with the Authorities because, as described above, the Authorities likely maintain secured or priority claims against the Debtors for the Prepetition Taxes and Fees.  If they do not pay the Prepetition Taxes and Fees, the Debtors anticipate that the Authorities may act precipitously, instituting audits, bringing litigation, and creating numerous other administrative issues, including, whether or not permissible under the Bankruptcy Code, revocation of the Debtors' licenses and other privileges.

22.     Second, failure to timely pay the Prepetition Taxes and Fees will economically disadvantage the Debtors because (i) the time and expense that the Debtors would need to devote to any audit or litigation instituted by an Authority over unpaid Prepetition Taxes and Fees would likely far outweigh any savings from the temporary non-payment of such Prepetition Taxes and Fees and (ii) interest and penalties will accrue on the Prepetition Taxes and Fees.  Accordingly, the potential harm and economic disadvantage that would stem from the failure to pay the Prepetition Taxes and Fees are disproportionate to the amount of any prepetition claim that may be paid, particularly given that the Debtors will have sufficient cash to pay the Prepetition Taxes and Fees in the ordinary course of business.

US-DOCS\105686808.11 RLF1 21032650v.1

23.     Finally, with respect to each Authority, the Debtors have examined other options short of paying the Prepetition Taxes and Fees and have determined that, to avoid expense and disruption of the Debtors' business operations, there exists no practical or legal alternative to paying the Prepetition Taxes and Fees.  Therefore, paying the Prepetition Taxes and Fees is necessary for the Debtors to satisfy their fiduciary duties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

24.     Courts in this District have routinely granted relief similar to the relief requested herein.[8]  Accordingly, for these reasons, and the supporting authority found in sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors submit that the relief requested is essential, appropriate, and in the best interests of their estates and should be granted.

**E.     The Court Should Authorize Banks to Honor and Pay Checks Issued and Electronic Funds Transferred to Pay the Prepetition Taxes and Fees**

25.     The Debtors further request that the Court authorize, but not direct, their banking institutions and all other applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn or electronic funds relating to the Prepetition Taxes and Fees, whether such checks were presented before or after the Petition Date.  The Debtors expect to have sufficient liquidity, including from borrowings under their debtor-in-possession credit facility, to pay such amounts as they become due in the ordinary course of business, and under the Debtors' existing cash management system, checks or wire transfer requests can be readily identified as relating to an authorized payment of the Prepetition Taxes and Fees.  As such, the Debtors believe that checks or wire transfer requests, other than those

---

[8] *See, e.g., In re Imerys Talc Am., Inc.*, Case No. 19-10289 (LLS) (Bankr. D. Del. Feb. 14, 2019) (D.I. 53); *In re LBI Media, Inc.*, Case No. 18-12655 (CSS) (Bankr. D. Del. Nov. 21, 2018) (D.I. 84); *In re ATD Corp.*, Case No. 18-12221 (KJC) (Bankr. D. Del. Oct. 5, 2018) (D.I. 98).

relating to authorized payments, will not be honored inadvertently. The Debtors also seek authority to issue new postpetition checks or effect new electronic fund transfers on account of the Prepetition Taxes and Fees to replace any prepetition checks or electronic fund transfer requests that may be dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

### F.    Interim Relief Is Necessary to Avoid Immediate and Irreparable Harm

26.    Under Bankruptcy Rule 6003, the Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days after the chapter 11 case's commencement to the extent "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as set forth in the Knight Declaration, and relief on an interim basis is therefore appropriate under Bankruptcy Rule 6003, if applicable.[9]

27.    The urgency of the relief requested justifies immediate relief. To ensure the relief requested is implemented immediately, the Debtors request that the Court waive the notice requirements under Bankruptcy Rule 6004(a), if applicable, and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### NOTICE

28.    The Debtors will provide notice of this motion by facsimile, e-mail, overnight delivery, or hand delivery to: (i) Linda J. Casey of the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) the United States Attorney's Office for the District of

---

[9] *See* the Knight Declaration filed concurrently with this motion.

Delaware; (iv) the attorneys general for the states in which the Debtors conduct business; (v) Akin Gump Strauss Hauer & Feld LLP as counsel to the ad hoc group of first lien noteholders; (vi) Milbank LLP as counsel to the ad hoc group of crossover noteholders; (vii) Jones Day as counsel to the ad hoc group of 1.5 lien noteholders; (viii) Simpson Thacher & Bartlett LLP as counsel to JPMorgan Chase Bank, N.A. as administrative agent and collateral agent under the Debtors' prepetition asset-based revolving credit facility; (ix) Wilmington Trust, National Association, as trustee under the First Lien Notes and the Second Lien Notes; (x) Arnold & Porter Kaye Scholer LLP as counsel to Wilmington Savings Fund Society, FSB, as trustee under the 1.5 Lien Notes; (xi) The Bank of New York Mellon, as trustee under the Borden Debentures; (xii) Simpson Thacher & Bartlett LLP and Landis Rath & Cobb LLP as counsel to the administrative agent and collateral agent under the Debtors' postpetition financing facility; (xiii) the Internal Revenue Service; (xiv) the Securities and Exchange Commission; (xv) the Pension Benefit Guaranty Corporation; and (xvi) the Environmental Protection Agency.  Following the hearing, a copy of this motion and any order entered with respect to it will be served on the foregoing parties and all parties having filed requests for notice in these chapter 11 cases.  A copy of the motion is also available on the Debtors' case website at http://www.omnimgt.com/HexionRestructuring.

29.     As this motion is seeking "first day" relief, notice of this motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).  Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR MOTION**

30.     The Debtors have not made any prior motion for the relief sought in this motion to this Court or any other.

The Debtors respectfully request entry of an interim and final order, substantially in the forms attached as <u>Exhibit A</u> and <u>Exhibit B</u>, granting the relief requested in its entirety and any other relief as is just and proper.

16

Dated:    April 1, 2019
          Wilmington, Delaware          _/s/ Michael J. Merchant_____
                                        Mark D. Collins (No. 2981)
                                        Michael J. Merchant (No. 3854)
                                        Amanda R. Steele (No. 5530)
                                        Brendan J. Schlauch (No. 6115)
                                        **RICHARDS, LAYTON & FINGER, P.A.**
                                        One Rodney Square
                                        920 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone:    302-651-7700
                                        Fax:          302-651-7701
                                        Email:        collins@rlf.com
                                                      merchant@rlf.com
                                                      steele@rlf.com
                                                      schlauch@rlf.com

                                        - and -

                                        George A. Davis (*pro hac vice* pending)
                                        Andrew M. Parlen (*pro hac vice* pending)
                                        Hugh Murtagh (*pro hac vice* pending)
                                        **LATHAM & WATKINS LLP**
                                        885 Third Avenue
                                        New York, New York 10022
                                        Telephone:    (212) 906-1200
                                        Facsimile:    (212) 751-4864
                                        Email:        george.davis@lw.com
                                                      andrew.parlen@lw.com
                                                      hugh.murtagh@lw.com

                                        - and -

                                        Caroline A. Reckler (*pro hac vice* pending)
                                        Jason B. Gott (*pro hac vice* pending)
                                        **LATHAM & WATKINS LLP**
                                        330 North Wabash Avenue, Suite 2800
                                        Chicago, Illinois 60611
                                        Telephone:    (312) 876-7700
                                        Facsimile:    (312) 993-9767
                                        Email:        caroline.reckler@lw.com
                                                      jason.gott@lw.com

                                        *Proposed Attorneys for the Debtors and Debtors in
                                        Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| HEXION HOLDINGS LLC, et al.,[1] | : | Case No. 19-10684 (  ) |
| | : | |
| Debtors. | : | Joint Administration Requested |
| | x | |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN**
**PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the Debtors' motion (the "**Motion**")[2] for entry of an interim order (this

"**Interim Order**") (i) authorizing the Debtors, in their discretion, to pay prepetition amounts

owing in respect of all taxes, including, but not limited to prepetition sales, use, property,

franchise and income taxes, as well all prepetition amounts owing in respect to certain custom

duties, licensing, permitting and regulatory fees (collectively the "**Prepetition Taxes and Fees**")

as such Prepetition Taxes and Fees come due in the ordinary course of business and (ii) granting

certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the

Motion having been provided under the particular circumstances, and it appearing that no other

or further notice need be provided; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

dated as of February 29, 2012; and consideration of the Motion and the relief requested therein

being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a

final order consistent with Article III of the United States Constitution; and venue being proper

before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider

the relief requested in the Motion (the "**Hearing**"); and upon the Knight Declaration and the

record of the Hearing and all the proceedings before the Court; and the Court having found and

determined the relief requested in the Motion is necessary to avoid immediate and irreparable

harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and such relief

to be in the best interests of the Debtors, their estates and creditors, and any parties in interest;

and the legal and factual bases set forth in the Motion and at the Hearing having established just

cause for the relief granted herein; and after due deliberation thereon and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      Capitalized terms used but not otherwise defined herein shall have the

meanings ascribed to such terms in the Motion.

3.      The Debtors are authorized, but not directed, in their discretion and

business judgment, to pay any and all Prepetition Taxes and Fees owed to the Authorities, and

related to periods prior to the Petition Date as they come due in the ordinary course of business

in an aggregate amount not to exceed $2,225,000 on an interim basis, in accordance with the

Debtors' prepetition practice, including, but not limited the remittance of appropriate amounts

and administrative costs to the Third Party Payor.

4.      The Debtors' banks and financial institutions are authorized, but not

directed, to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other

forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for

2

Prepetition Taxes and Fees that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Interim Order.

5.     Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable, the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**").

6.     Nothing in the Motion or this Interim Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

7.     Authorization to pay prepetition Taxes shall not create any additional obligation on the part of the Debtors or their officers, directors, attorneys or agents to pay such Taxes, and nothing in this Interim Order shall be deemed to increase, reclassify, elevate to administrative expense status or otherwise affect the prepetition Taxes to the extent they are not paid.

8.      The final hearing (the "**Final Hearing**") on the Motion will be held on

_____, 2019, at ___:___ ___.m. (Eastern Time).  Any objections or responses

to entry of a final order on the Motion must be filed on or before 4:00 p.m. (Eastern Time) on

_____, 2019, and served on the following parties: (i) the Office of the United

States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King

Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Linda J. Casey, Esq.

(Linda.Casey@usdoj.gov)); (ii) Latham & Watkins LLP, 885 Third Avenue, New York, New

York 10022 (Attn: George Davis (George.Davis@lw.com), Andrew Parlen

(Andrew.Parlen@lw.com), and Hugh Murtagh (Hugh.Murtagh@lw.com)) and 330 North

Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Caroline Reckler

(Caroline.Reckler@lw.com) and Jason Gott (Jason.Gott@lw.com)), proposed co-counsel for the

Debtors; and (iii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street,

Wilmington, Delaware 19801 (Attn: Mark D. Collins (Collins@RLF.com), Michael J. Merchant

(Merchant@RLF.com), Amanda R. Steele (Steele@RLF.com), and Brendan J. Schlauch

(Schlauch@RLF.com)), proposed co-counsel for the Debtors.  In the event no objections to entry

of a final order on the Motion are timely received, this Court may enter such final order without

need for the Final Hearing.

9.      The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

10.      Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms

and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11.      The Debtors are authorized and empowered to take all actions necessary

or appropriate to implement the relief granted in this Interim Order.

4

12.     This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Interim Order.

Date: _____, 2019
        Wilmington, Delaware

_____
        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| HEXION HOLDINGS LLC, et al.,[1] | : | Case No. 19-10684 (   ) |
| | : | |
| Debtors. | : | Joint Administration Requested |
| | x | |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the Debtors' motion (the "**Motion**")[2] for entry of a final order (this "**Final Order**") (i) authorizing the Debtors, in their discretion, to pay prepetition amounts owing in respect to all taxes, including, but not limited to prepetition sales, use, property, franchise and income taxes, as well all prepetition amounts owing in respect to certain custom duties, licensing, permitting and regulatory fees (collectively the "**Prepetition Taxes and Fees**") as such Prepetition Taxes and Fees come due in the ordinary course of business and (ii) granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Knight Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined such relief to be in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion

3. The Debtors are authorized, but not directed, in their discretion and business judgment, to pay any and all Prepetition Taxes and Fees owed to the Authorities, and related to periods prior to the Petition Date as they come due in the ordinary course of business, in accordance with the Debtors' prepetition practice, including, but not limited the remittance of appropriate amounts and administrative costs to the Third Party Payor.

4. The Debtors' banks and financial institutions are authorized, but not directed, to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for Prepetition Taxes and Fees that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on

the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Final Order.

5.       Notwithstanding anything in the Motion or this Final Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable, the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**").

6.       Nothing in the Motion or this Final Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

7.       The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

8.       Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9.       The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

10.    This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Final Order.

Dated: _____, 2019
        Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit C</u>**

**Authorities**

| Tax Type | Taxing Authority | Notice Address |
|---|---|---|
| License, Reporting, and Regulatory Fees | Washington State Department Of Revenue | P.O. Box 47464 Olympia, WA 98504-7464 |
| License, Reporting, and Regulatory Fees | Bureau Of Radiation Control | 4052 Bald Cypress Way Bin C21 Tallahassee, FL 32399-1741 |
| License, Reporting, and Regulatory Fees | City Of Springfield | 225 N 5th St Springfield, OR 97477 |
| License, Reporting, and Regulatory Fees | Columbus City Treasurer | 50 W Gay St   4th FL Columbus, OH 43215 |
| License, Reporting, and Regulatory Fees | Columbus Consolidated Government | P.O. Box 1397 Columbus, GA 31902-1397 |
| License, Reporting, and Regulatory Fees | Commissioner Of Agriculture & Mrkts | 10b Airline Dr Albany, NY 12235-0001 |
| License, Reporting, and Regulatory Fees | Cook County Collector | 118 N. Clark St. Chicago, IL 60602 |
| License, Reporting, and Regulatory Fees | Department Of Health Services | 1 W Wilson St Rm B157 Madison, WI |
| License, Reporting, and Regulatory Fees | Department Of Environmental | P.O. Box 8762 Harrisburg, PA 17105-8762 |
| License, Reporting, and Regulatory Fees | Department Of Environmental Quality | 700 Ne Multnomah St Ste 600 Portland, OR 97232 |
| License, Reporting, and Regulatory Fees | Federal Railroad Administration | 1200 New Jersey Ave Washington, DC 20590 |
| License, Reporting, and Regulatory Fees | Houston Ship Channel | 111 East Loop N Houston, TX 77029 |
| License, Reporting, and Regulatory Fees | Illinois Environ Protection Agency | P.O. Box 19276 Springfield, IL 62794-9276 |
| License, Reporting, and Regulatory Fees | Lake Dreamland Fire District | P.O. Box 161027 Louisville, KY 40256-1027 |
| License, Reporting, and Regulatory Fees | Lane Regional Air Pollution | 1010 Main St  Ste 501 Springfield, OR 97477 |
| License, Reporting, and Regulatory Fees | Louisiana Dept Of Envirnmtl Quality | P.O. Box 4303 Baton Rouge, LA 70821-4303 |
| License, Reporting, and Regulatory Fees | Louisiana Dept Of Environ Quality | P.O. Box 4311 Baton Rouge, LA 70821-4311 |
| License, Reporting, and Regulatory Fees | Louisville Metro Air Pollution | 701 W Ormsby Ave Ste 303 Louisville, KY 40204-1745 |

| License, Reporting, and Regulatory Fees | Metropolitan Water Reclamation | P.O. Box 98429 Chicago, IL 60693 |
|---|---|---|
| License, Reporting, and Regulatory Fees | Montana Department Of Environmental | P.O. Box 200901 Helena, MT 59620-0901 |
| License, Reporting, and Regulatory Fees | Montana Dept Of Labor & Industry | P.O. Box 200517 Helena, MT 59620-0517 |
| License, Reporting, and Regulatory Fees | Nc Dept Of Environmental Quality | 217 West Jones St Raleigh, NC 27603 |
| License, Reporting, and Regulatory Fees | New York Dept Environ Conservation | P.O. Box 3782 New York, NY 10008-3782 |
| License, Reporting, and Regulatory Fees | Office Of State Fire Marshal | 8181 Independence Blvd Baton Rouge, LA 70806 |
| License, Reporting, and Regulatory Fees | Rapides Parish Local Emergency | 4216 Ellis Street Alexandria, LA 71302 |
| License, Reporting, and Regulatory Fees | Texas Commission On Environmental | P.O. Box 13089 Austin, TX 78711-3089 |
| License, Reporting, and Regulatory Fees | Texas Dept Of Licensing & Regs | P.O. Box 12157 Austin, TX 78711-2157 |
| License, Reporting, and Regulatory Fees | Texas Dept Of State Health Services | P.O. Box 12190 Austin, TX 78711-2190 |
| License, Reporting, and Regulatory Fees | Texas Dept Of State Health Services | P.O. Box 149347 Austin, TX 78714-9347 |
| License, Reporting, and Regulatory Fees | US Environmental Protection Agcy | P.O. Box 979077 St Louis, MO 63197-9000 |
| License, Reporting, and Regulatory Fees | Wisconsin Dept Of Agriculture | P.O. Box 93479 Milwaukee, Wi 53293-0479 |
| Real and Personal Property Tax | Fort Bend County | P.O. Box 1028 Richmond, TX 77487-1028 |
| Real and Personal Property Tax | Galena Park Isd | P.O. Box 113 Galena Park, TX 77547-0113 |
| Real and Personal Property Tax | Jefferson County Sheriffs Office | P.O. Box 70300 Louisville, KY 40270-0300 |
| Real and Personal Property Tax | King County Treasurer | 500 Fourth Ave Seattle, WA 98104 |
| Real and Personal Property Tax | Louisiana Dept Of Economic Dev | P.O. Box 94185 Baton Rouge, LA 70804-9185 |
| Real and Personal Property Tax | Mcculloch County Appraisal Dist | 306 W Lockhart Brady, TX 76825 |
| Real and Personal Property Tax | Rapides Parish Sheriff's Dept. | P.O. Box 1590 Alexandria, LA 71309 |

2

| | | |
|---|---|---|
| Real and Personal Property Tax | Amador County Tax Collector | 810 Court Street Jackson, CA 95642-2132 |
| Real and Personal Property Tax | Bexar County Tax Assessor-Collector | P.O. Box 2903 San Antonio, TX  78299-2903 |
| Real and Personal Property Tax | Borough Of Middlesex | 1200 Mountain Avenue Middlesex, NJ  8846 |
| Real and Personal Property Tax | Brewster County Tax Office | 107 W Ave E #1 Alpine, TX  79830 |
| Real and Personal Property Tax | Burke County Tax Collector | P.O. Box 580150 Charlotte, NC 28258-0150 |
| Real and Personal Property Tax | Burke County Tax Office | P.O. Box 219  Morganton, NC 28680 |
| Real and Personal Property Tax | Caddo Bossier Parishes Port Commiss | 6000 Doug Attaway Blvd Shreveport, LA 71115 |
| Real and Personal Property Tax | Caddo Parish Sheriff's Office Tax Department | P.O. Box 20905 Shreveport, LA 71120-0905 |
| Real and Personal Property Tax | Carrollton - Farmers Branch I.S.D. | P.O. Box 110611 Carrollton, TX 75011-0611 |
| Real and Personal Property Tax | City Of Alexandria | P.O. Box 71 Alexandria, LA 71309 |
| Real and Personal Property Tax | City Of Baytown | P.O. Box 424 Baytown, TX 77522-0424 |
| Real and Personal Property Tax | City Of Deer Park | P.O. Box 700 Deer Park, TX  77536 |
| Real and Personal Property Tax | City Of Houston | P.O. Box 200734 Houston, TX 77216-0734 |
| Real and Personal Property Tax | City Of Morganton | P.O. Box 3448 Morganton, NC 28680-3448 |
| Real and Personal Property Tax | City Of Sheboygan | 828 Center Avenue Sheboygan, WI 53081 |
| Real and Personal Property Tax | Columbus County Tax Collector | P.O. Box 1468 Whiteville, NC 28472-1468 |
| Real and Personal Property Tax | Cumberland County Tax Collector | P.O. Box 538313 Atlanta, GA 30353-8313 |
| Real and Personal Property Tax | Cynthia Bardin Tax Collector | 6 Michigan Street Hudson Falls, NY 12839 |
| Real and Personal Property Tax | Cynthia Bardin, Collector | 210 Main Street Hudson Falls, NY 12839 |
| Real and Personal Property Tax | Denise Hutter, Tax Assessor/Collector | P.O. Box 519 Anahuac, TX 77514 |
| Real and Personal Property Tax | Fort Bend County Tax Assessor-Collector | 1317 Eugene Heimann Circle Richmond, TX 77469-3623 |
| Real and Personal Property Tax | Galena Park Isd Tax Assessor-Collector | 14705 Woodforest Blvd Houston, TX 77015 |
| Real and Personal Property Tax | Gccisd Tax Services | P.O. Box 2805 Baytown, TX 77522 |

3

| | | |
|---|---|---|
| Real and Personal Property Tax | Guilford County Tax Collections | P.O. Box 3328 Greensboro, NC 27402-3328 |
| Real and Personal Property Tax | Guilford County Tax Department | P.O. Box 71072 Charlotte, NC 28272-1072 |
| Real and Personal Property Tax | Harris Co Improv Dist 4 | P.O. Box 73109 Houston, TX 77273 |
| Real and Personal Property Tax | Harris County Tax Assessor-Collector | P.O. Box 4622 Houston, TX 77210-4622 |
| Real and Personal Property Tax | Hempstead County Collector | P.O. Box 549 Hope, AR 71802 |
| Real and Personal Property Tax | Independence County Collector | 110 Broad St Batesville, AR 72501 |
| Real and Personal Property Tax | Jefferson County Sheriff's Office | P.O. Box 34570 Louisville, KY 40232-4570 |
| Real and Personal Property Tax | Jeffrey F. Wiley, Sheriff & Tax Collector | P.O. Box 118 Gonzales, LA 70707-0118 |
| Real and Personal Property Tax | John R. Ames, Cta | P.O. Box 139066 Dallas, TX 75313-9066 |
| Real and Personal Property Tax | Johnson County Tax Assessor-Collector | P.O. Box 75 Cleburne, TX 76033 |
| Real and Personal Property Tax | Lane County Assessment & Taxation | 125 E. 8th Avenue Eugene, OR, 97401-2968 |
| Real and Personal Property Tax | Lane County Tax Collector | P.O. Box 3014 Portland, OR  97208-3014 |
| Real and Personal Property Tax | Lubbock Central Appraisal District | P.O. Box 10568 - 2109 Avenue Q Lubbock, TX 79408-3568 |
| Real and Personal Property Tax | Marengo County | Revenue Commissioner P.O. Box 480578 Linden, AL 36748 |
| Real and Personal Property Tax | Mcculloch County Appr District | 306 W. Lockhart Brady, TX 768025 |
| Real and Personal Property Tax | Missoula Co Treasurer | P.O. Box 7249 Missoula, MT 59807 |
| Real and Personal Property Tax | Missoula County Clerk & Treasurer | 200 W Broadway Street Missoula, MT  59802 |
| Real and Personal Property Tax | Moreau Receiver Of Taxes | 351 Reynolds Road Moreau, NY 12828-9261 |
| Real and Personal Property Tax | Muscogee County Tax Commissioner | P.O. Box 1441 Columbus, GA 31901-1441 |
| Real and Personal Property Tax | Oklahoma County Treasurer | P.O. Box 268875 Oklahoma City, OK 73126-8875 |
| Real and Personal Property Tax | Polk County Tax Collector | P.O. Box 1189 Bartow, FL 33831-1189 |
| Real and Personal Property Tax | Rapides Parish Sheriff's Office | 701 Murray St Suite 302 Alexandria, LA 71301 |

4

| Real and Personal Property Tax | Rosalie Bishop, Tax Collector | 11588 Wilcox Road<br>Wilcox, PA  15870 |
|---|---|---|
| Real and Personal Property Tax | Sheboygan County Treasurer | 508 New York Avenue<br>Room 109<br>Sheboygan, WI 53081-4126 |
| Real and Personal Property Tax | St Charles Parish Tax Collector | P.O. Box 440 Hahnville, LA 70057 |
| Real and Personal Property Tax | St. Louis County Auditor | 100 N. 5th Ave W. Room 214 Duluth, MN 55802-1293 |
| Real and Personal Property Tax | Tax Assessor-Collector | P.O. Box 4622 Houston, TX 77210-4622 |
| Real and Personal Property Tax | Tax Collector, Multnomah County | P.O. Box 2716 Portland, OR 97208-2716 |
| Real and Personal Property Tax | Tax Office Angelina County | P.O. Box 1344 Lufkin, TX 75902 |
| Real and Personal Property Tax | Union County Assessor/Tax Collector | 1001 4th St Suites A & B LA Grande, OR 97850 |
| Real and Personal Property Tax | Valwood Improvement Authority | 1740 Briercroft Ct. Carrollton, TX  75006 |
| License, Reporting, and Regulatory Fees | California Board Of Equalization | P.O. Box 942879 Sacramento, CA 94279 |
| License, Reporting, and Regulatory Fees | California Dept Of Toxic Substances | 1001 I St Sacramento, CA 95812 |
| License, Reporting, and Regulatory Fees | California State Water Resources Control Board | 1001 I St Sacramento, CA 95812 |
| License, Reporting, and Regulatory Fees | Columbus Treasurer's Office | 180 East Broad St Columbus, OH 43215-3793 |
| License, Reporting, and Regulatory Fees | Des Moines Dept Of Natural Resources | 502 E 9th St Des Moines, IA  50319-0034 |
| License, Reporting, and Regulatory Fees | Director Us Patent And Trademark | 2051 Jamieson Ave Ste 300 Alexandria, VA 22314 |
| License, Reporting, and Regulatory Fees | Environmental Protection Agency | 500 Ross St 6th Floor Government Op Pittsburgh, PA 15262 |
| License, Reporting, and Regulatory Fees | Federal Communications Commission | 574 Land Mobile Renewal Pittsburgh, PA 15251-5245 |
| License, Reporting, and Regulatory Fees | Indiana Department Of Environmental Management | 100 N Senate Ave Mail Code 50-01 Indianapolis, IN 46204-2251 |
| License, Reporting, and Regulatory Fees | Indiana Department Of Revenue | 100 North Senate St Indianapolis, IN 46204-2253 |

5

| License, Reporting, and Regulatory Fees | New York Department Of Environmental Conservation | 625 Broadway Albany, NY 12233-0001 |
|---|---|---|
| License, Reporting, and Regulatory Fees | New York State Canal Corp. | 200 Southern Blvd P.O. Box 189 Albany, NY 12201-0189 |
| License, Reporting, and Regulatory Fees | New York State Department Of Health | Empire State Plaza Albany, NY 12223 |
| License, Reporting, and Regulatory Fees | New York State Department Of Labor | State Office Campus Bldg 12 Room 18 Albany, NY 12240 |
| License, Reporting, and Regulatory Fees | New York State Department Of Transportation | 50 Wolf Rd Albany, NY 12232 |
| License, Reporting, and Regulatory Fees | Nysdec | 625 Broadway Albany, NY 12233 |
| License, Reporting, and Regulatory Fees | Ohio Department Of Health | 246 North High St 2nd Fl Columbus, OH 43266-0588 |
| License, Reporting, and Regulatory Fees | Ohio Environmental Protection Agency | 122 South Front St Columbus, OH 43216 |
| License, Reporting, and Regulatory Fees | Sacramento Department Of Pesticide Regulation | 1001 I St P.O. Box 4015 Sacramento, CA 95812-4015 |
| License, Reporting, and Regulatory Fees | Sacramento State Water Resources Control Board | 1001 I St Sacramento, CA 95814 |
| License, Reporting, and Regulatory Fees | State Of Michigan | Cashiers Office-HWUC Lansing, MI 48909 |
| License, Reporting, and Regulatory Fees | State Of Ohio Bmv | 30170 Euclid Ave Wickliffe, OH  44092 |
| License, Reporting, and Regulatory Fees | Texas Commission On Environmental Quality | 12100 Park 35 Circle Austin, TX 78753 |
| License, Reporting, and Regulatory Fees | Texas Department Of Health (Texas State Health Services Board) | 1100 West 49th St Austin, TX 78756 |
| License, Reporting, and Regulatory Fees | Treasurer, State Of Ohio | 180 East Broad St Columbus, OH 43215-3793 |
| Customs Duties | US Customs | 6650 Telecom Dr Ste 100 Indianapolis, IN 46278 |
| License, Reporting, and Regulatory Fees | US Department Of Agriculture | 1400 Independence Ave., S.W. Washington, DC 20250 |
| License, Reporting, and Regulatory Fees | US Department Of State | 2401 E St, N.W. Washington, DC 20522 |

6

| License, Reporting, and Regulatory Fees | US Environmental Protection Agency | 500 Ross St 6th FL – Government Op Pittsburgh, PA  15262 |
|---|---|---|
| License, Reporting, and Regulatory Fees | US Patent & Trademark Office | 2011 Crystal Dr Arlington, VA  22202 |
| License, Reporting, and Regulatory Fees | West Virginia Department Of Environmental Protection | 601 57th St Charleston, WV  25304 |
| License, Reporting, and Regulatory Fees | West Virginia Department Of Labor | 749-B Bldg. 6 Capitol Complex Charleston, WV  25305 |
| License, Reporting, and Regulatory Fees | West Virginia Division Of Natural Resources | Capitol Complex Bldg 3 Charleston, WV 25305 |
| License, Reporting, and Regulatory Fees | West Virginia Emergency Response Commission | Bldg 1, Rm Eb-80 Charleston, WV  25305 |
| Sales and Use Tax | Parish Of Ascension | 828 South Irma Boulevard  Suite 105 Gonzales, LA 70737 |
| Sales and Use Tax | Wisconsin Dept Of Revenue | P.O. Box 93194 Milwaukee, WI 53293-0194 |
| Sales and Use Tax | Maine State Treasurer | Maine Revenue Services P.O. Box 1065 Augusta, ME 04332-1065 |
| Sales and Use Tax | Massachusetts Dor | P.O. Box 419257 Boston, MA 02241-9257 |
| Sales and Use Tax | Mississippi Department Of Revenue | Sales Tax  P.O. Box 1033 Jackson, MS  39215 |
| Sales and Use Tax | State Of Rhode Island And Providence Plantations | Division Of Taxation - Dept# 300 P.O. Box 9706 Providence, RI  02940-9706 |
| Sales and Use Tax | State Of West Virginia | State Tax Department, Tax Account Administration Div P.O. Box 1826 Charleston, WV 25327-1826 |
| Sales and Use Tax | Virginia Department Of Taxation | P.O. Box 26627 Richmond, VA 23261-6627 |
| Sales and Use Tax | Ohio Treasurer Of State | Ohio Department Of Taxation P.O. Box 16560 Columbus, OH 43216-6560 |
| Sales and Use Tax | Colorado Department Of Revenue | Denver, CO 80261-0013 |
| Sales and Use Tax | Iowa Income Tax Document Processing | P.O. Box 9187 Des Moines, IA 50306-9187 |
| Sales and Use Tax | Kansas Department Of Revenue | P.O. Box 3506 Topeka, KS 66601-3506 |

US-DOCS\105686808.11 RLF1 21032650v.1

| Sales and Use Tax | Missouri Department Of Revenue | Taxation Division P.O. Box 840 Jefferson City, MO 65105-0840 |
|---|---|---|
| Sales and Use Tax | Alabama Tax Trust Acct | Sales Tax Division Attn: Online Filing P.O. Box 830725 Birmingham, AL 35283-0725 |
| Sales and Use Tax | Arizona Department Of Revenue | P.O. Box 29010 Phoenix, AZ 85038 |
| Sales and Use Tax | Arkansas Department Of Finance & Administration | P.O. Box 3861 Little Rock, AR 72203-3861 |
| Sales and Use Tax | Ascension Parish Sales And Use Tax Authority | P.O. Box 1718 Gonzales, LA 70707 |
| Sales and Use Tax | Caddo Shreveport Sales & Use Tax Commission | P.O. Box 104 Shreveport, LA 71161 |
| Sales and Use Tax | California Department Of Tax And Fee Administration | California Department Of Tax AND Fee Administration P.O. Box 942879 Sacramento, CA 94279-7072 |
| Sales and Use Tax | Commissioner Of Revenue Services | State Of Connecticut Department Of Revenue Services P.O. Box 5030 Hartford, CT 06102-5030 |
| Sales and Use Tax | Comptroller Of Maryland | Revenue Administration Division P.O. Box 17405 Baltimore, MD  21297-1405 |
| Sales and Use Tax | Florida Department Of Revenue | 5050 W Tennessee Street Tallahassee, FL 32399-0120 |
| Sales and Use Tax | Georgia Department Of Revenue | Sales AND Use Tax Return P.O. Box 105408 Atlanta, GA 30348-5408 |
| Sales and Use Tax | Idaho State Tax Commission | P.O. Box 76 Boise, Id  83707-0076 |
| Sales and Use Tax | Illinois Department Of Revenue | Retailers' Occupation Tax Springfield, IL 62796-0001 |
| Sales and Use Tax | Indiana Department Of Revenue | P.O. Box 7218 Indianapolis, IN 46207-7218 |
| Sales and Use Tax | Kentucky Department Of Revenue | 501 High Street Frankfort, KY 40601 |
| Sales and Use Tax | Louisiana Department Of Revenue | Post Office Box 3138 Baton Rouge, LA 70821-3138 |
| Sales and Use Tax | Louisiana Sales And Use Tax Department | 13855 River Road Luling, LA 70070 |
| Sales and Use Tax | Minnesota Department Of Revenue | P.O. Box 64622 St. Paul, MN 55164-0622 |
| Sales and Use Tax | Nebraska Department Of Revenue | P.O. Box 98923 Lincoln, NE 68509-8923 |

| Sales and Use Tax | Nevada Department Of Taxation | State Of Nevada - Sales/Use P.O. Box 7165 San Francisco, CA 94120-7165 |
|---|---|---|
| Sales and Use Tax | New Jersey Sales & Use Tax | P.O. Box 999 Trenton, NJ 08646-0999 |
| Sales and Use Tax | New York State Sales Tax | Nys Sales Tax Processing P.O. Box 15168 Albany, NY 12212-5168 |
| Sales and Use Tax | Nm Taxation And Revenue Department | P.O. Box 25128 Santa Fe, NM 87504-5128 |
| Sales and Use Tax | North Carolina Department Of Revenue | P.O. Box 25000 Raleigh, NC  27640-0700 |
| Sales and Use Tax | North Dakota Office Of State Tax Commissioner | P.O. Box 5623 Bismarck, ND  58506-5623 |
| Sales and Use Tax | Pa Department Of Revenue | Dept. 280406 Harrisburg, PA 17128-0406 |
| Sales and Use Tax | Parish Of Rapides Sales And Use Tax Dept. | P.O. Box 671 Alexandria, LA 71309 |
| Sales and Use Tax | South Carolina Department Of Revenue | P.O. Box 100193 Columbia, SC 29202 |
| Sales and Use Tax | South Dakota Department Of Revenue | Anderson Bldg, Mail Code 5055445 E Capitol Ave. Pierre, SD 57501-3100 |
| Sales and Use Tax | State Of Michigan | Michigan Department Of Treasury Dept. 77003 Detroit, MI 48277-0003 |
| Sales and Use Tax | Tennessee Department Of Revenue | Andrew Jackson State Office Building 500 Deaderick Street Nashville, TN 37242 |
| Sales and Use Tax | Texas State Comptroller | Comptroller Of Public Accounts P.O. Box 149355 Austin, TX 78714-9355 |
| Sales and Use Tax | Utah State Tax Commission | Taxpayer Services Division 210 N 1950 W Salt Lake City, UT 84134 |
| Sales and Use Tax | Vermont Department Of Taxes | P.O. Box 547 Montpelier, VT 05601-0547 |
| Sales and Use Tax | Wisconsin Department Of Revenue | P.O. Box 8921 Madison, WI 53708-8921 |
| Sales and Use Tax | Wyoming Dept Of Revenue | 122 W 25th St, 2w Cheyenne, WY 82002-0110 |
| Sales and Use Tax | Alabama Department Of Revenue | Sales AND Use Tax Division P.O. Box 327790 Montgomery, AL 36132-7790 |
| Sales and Use Tax | Oklahoma Tax Commission | Post Office Box 26850 Oklahoma City, OK 73126-0850 |

US-DOCS\105686808.11 RLF1 21032650v.1

| Federal and State Income and Franchise Taxes | Department Of Revenue Services | P.O. Box 2974 Hartford, Ct 06104-2974 |
|---|---|---|
| Federal and State Income and Franchise Taxes | Illinois Secretary Of State | Rm 351 Howlett Bldg Springfield, IL 62756 |
| Federal and State Income and Franchise Taxes | Kentucky State Treasurer | P.O. Box 1150 Frankfort, KY 40602-1150 |
| Federal and State Income and Franchise Taxes | Michigan Dept Of Treasury | Depart. 77889 Detroit, MI 48277-0889 |
| Federal and State Income and Franchise Taxes | Minnesota Dept Of Revenue | MaIL Station 1260 St Paul, MN 55145-1260 |
| Federal and State Income and Franchise Taxes | Oklahoma Secretary Of State | 2300 North Lincoln Blvd  Room 101 Oklahoma City, OK 73105-4897 |
| Federal and State Income and Franchise Taxes | Oregon Dept Of Revenue | P.O. Box 14730 Salem, OR 97309-0464 |
| Federal and State Income and Franchise Taxes | South Carolina Department Of Labor | 110 Centerview Dr Columbia, SC 29210 |
| Federal and State Income and Franchise Taxes | St Of New Jersey Dept Of Treas | P.O. Box 417 Trenton, NJ 08646-0417 |
| Federal and State Income and Franchise Taxes | State Of Maryland | 301 W Preston St  Room 801 Baltimore, MD 21201-2395 |
| Federal and State Income and Franchise Taxes | Alabama Department Of Revenue | Individual And Corporate Tax Division P.O. Box 327430 Montgomery, AL  36132-7430 |
| Federal and State Income and Franchise Taxes | Alabama Dept. Of Revenue | Business Privilege Tax Section P.O. Box 327431 Montgomery, AL  36132-7431 |
| Federal and State Income and Franchise Taxes | Arizona Department Of Revenue | P.O. Box 29079 Phoenix, AZ 85038-9079 |
| Federal and State Income and Franchise Taxes | City Of Portland | 111 SW Columbus St. Suite 600 Portland, OR 97201-5840 |
| Federal and State Income and Franchise Taxes | Colorado Department Of Revenue | Denver, Co 80261-0005 |
| Federal and State Income and Franchise Taxes | Columbus Income Tax Division | P.O. Box 182437 Columbus, OH  43218-2437 |
| Federal and State Income and Franchise Taxes | Comptroller Of Maryland | Revenue Administration Division 110 Carroll St. Annapolis, MD 21411-0001 |
| Federal and State Income and | Connecticut Department Of Revenue Services | P.O. Box 150406 Hartford, Ct 06115-0406 |

10

| Franchise Taxes | | |
|---|---|---|
| Federal and State Income and Franchise Taxes | Corporation Income Tax Section | P.O. Box 919 Little Rock, AR 72203-0919. |
| Federal and State Income and Franchise Taxes | Corporation Tax Return Processing | Iowa Department Of Revenue P.O. Box 10468 Des Moines, IA 50306-0468 |
| Federal and State Income and Franchise Taxes | Delaware Division Of Revenue | P.O. Box 2044 Wilmington, De 19899-2044 |
| Federal and State Income and Franchise Taxes | Department Of Business Services | 501 S. Second St. Rm 350 Springfield, IL 62756-5510 |
| Federal and State Income and Franchise Taxes | Department Of Revenue | P.O. Box 23191 Jackson, MS 39225-3191 |
| Federal and State Income and Franchise Taxes | Florida Department Of Revenue | P.O. Box 6440 Tallahassee, FL 32314-6440 |
| Federal and State Income and Franchise Taxes | Franchise Tax Board | P.O. Box 942857 Sacramento, CA 94257-0500 |
| Federal and State Income and Franchise Taxes | Georgia Department Of Revenue | Processing Center P.O. Box 740397 Atlanta, GA 30374-0397 |
| Federal and State Income and Franchise Taxes | Georgia Finance Department | Revenue Division-Occupational Tax Section Columbus, GA 31002-1397 |
| Federal and State Income and Franchise Taxes | Idaho State Tax Commission | P.O. Box 56 Boise, ID 83756-0056 |
| Federal and State Income and Franchise Taxes | Illinois Department Of Revenue | P.O. Box 19008 Springfield, IL 62794-9008 |
| Federal and State Income and Franchise Taxes | Indiana Department Of Revenue | P.O. Box 7231 Indianapolis, IN 46207-7231 |
| Federal and State Income and Franchise Taxes | Kansas Corporate Tax | Kansas Dept. Of Revenue P.O. Box 750680 Topeka, KS 66675-0680 |
| Federal and State Income and Franchise Taxes | Kentucky Department Of Revenue | P.O. Box 856905 Louisville, KY 40285-0680 |
| Federal and State Income and Franchise Taxes | Louisiana Department Of Revenue | P.O. Box 91011 Baton Rouge, LA 70821-9011 |
| Federal and State Income and Franchise Taxes | Louisville Metro Revenue Commission | P.O. Box 35410 Louisville, KY 40232-5410 |
| Federal and State Income and Franchise Taxes | Maine Revenue Services | P.O. Box 1064 Augusta, ME 04332-1064 |

US-DOCS\105686808.11 RLF1 21032650v.1

| Federal and State Income and Franchise Taxes | Massachusetts Department Of Revenue | P.O. Box 7005 Boston, MA 02204 |
|---|---|---|
| Federal and State Income and Franchise Taxes | Michigan Department Of Treasury | P.O. Box 30803 Lansing, MI 48909 |
| Federal and State Income and Franchise Taxes | Minnesota Revenue | Mail Station 1250 St. Paul, MN 55145-1250 |
| Federal and State Income and Franchise Taxes | Missouri Department Of Revenue | P.O. Box 700 Jefferson City, Mo  65105-0700 |
| Federal and State Income and Franchise Taxes | Montana Department Of Revenue | P.O. Box 8021 Helena, MT  59604-8021 |
| Federal and State Income and Franchise Taxes | Nebraska Department Of Revenue | P.O. Box 94818 Lincoln, NE 68509-4818 |
| Federal and State Income and Franchise Taxes | Nevada Department Of Taxation | Attn. Commerce Tax Remittance P.O. Box 51180 Los Angeles, CA 90051-5480 |
| Federal and State Income and Franchise Taxes | New Jersey Division Of Taxation | P.O. Box 666 Trenton, NJ 08646-0666 |
| Federal and State Income and Franchise Taxes | New Mexico Taxation And Revenue Department | P.O. Box 25127 Santa Fe, NM 87504-5127 |
| Federal and State Income and Franchise Taxes | Nh Dra | P.O. Box 637 Concord, NH 03302-0637 |
| Federal and State Income and Franchise Taxes | North Carolina Department Of Revenue | P.O. Box 25000 Raleigh, NC 27640-0500 |
| Federal and State Income and Franchise Taxes | NYS Corporation Tax | P.O. Box 15181 Albany, NY 12212-5181 |
| Federal and State Income and Franchise Taxes | Office Of State Tax Commissioner | 600 E. Boulevard Ave. Dept. 127 Bismarck, ND  58505-0599 |
| Federal and State Income and Franchise Taxes | Ohio Department Of Taxation | P.O. Box 27 Columbus, OH 43216-0027 |
| Federal and State Income and Franchise Taxes | Ohio Regional Income Tax Agency | P.O. Box 89475 Cleveland, OH 44101-6475 |
| Federal and State Income and Franchise Taxes | Oklahoma Franchise Tax | P.O. Box 26920 Oklahoma City, OK 73126-0920 |
| Federal and State Income and Franchise Taxes | Oklahoma Tax Commission | Income Tax P.O. Box 26800 Oklahoma City, OK 73126-0800 |
| Federal and State Income and Franchise Taxes | Oregon Department Of Revenue | P.O. Box 14790 Salem, OR 97309-0470 |

US-DOCS\105686808.11 RLF1 21032650v.1

| Federal and State Income and Franchise Taxes | Pa Department Of Revenue | P.O. Box 280427 Harrisburg, PA 17128-0427 |
|---|---|---|
| Federal and State Income and Franchise Taxes | SC Department Of Revenue | Corporate Taxable Columbia, SC 29214-0033 |
| Federal and State Income and Franchise Taxes | State Of Rhode Island | Division Of Taxation One Capitol Hill Providence, RI 02908-5811 |
| Federal and State Income and Franchise Taxes | Tennessee Department Of Revenue | Andrew Jackson State Office Building 500 Deaderick Street Nashville, TN 37242 |
| Federal and State Income and Franchise Taxes | Texas Comptroller Of Public Accounts | P.O. Box 149348 Austin, TX 78714-9348 |
| Federal and State Income and Franchise Taxes | Utah State Tax Commission | 210 North 1950 West Salt Lake City, UT 84134-0300 |
| Federal and State Income and Franchise Taxes | Virginia Department Of Taxation | P.O. Box 1500 Richmond, VA 23218-1500 |
| Federal and State Income and Franchise Taxes | West Virginia State Tax Department | Tax Account Administration Division P. O. Box 1202 Charleston, WV 25324-1202 |
| Federal and State Income and Franchise Taxes | Wisconsin Department Of Revenue | P.O. Box 8908 Madison, WI 53708-8908 |

US-DOCS\105686808.11 RLF1 21032650v.1