IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HEXION HOLDINGS LLC, et al.,[1] | : | Case No. 19-10684 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | x | **Re: Docket No. 5** |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the Debtors' motion (the "**Motion**")[2] for entry of an interim order (this "**Interim Order**") (i) authorizing the Debtors, in their discretion, to pay prepetition amounts owing in respect of all taxes, including, but not limited to prepetition sales, use, property, franchise and income taxes, as well all prepetition amounts owing in respect to certain custom duties, licensing, permitting and regulatory fees (collectively the "**Prepetition Taxes and Fees**") as such Prepetition Taxes and Fees come due in the ordinary course of business and (ii) granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Knight Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and such relief to be in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. The Debtors are authorized, but not directed, in their discretion and business judgment, to pay any and all Prepetition Taxes and Fees owed to the Authorities, and related to periods prior to the Petition Date as they come due in the ordinary course of business in an aggregate amount not to exceed $2,225,000 on an interim basis, in accordance with the Debtors' prepetition practice, including, but not limited the remittance of appropriate amounts and administrative costs to the Third Party Payor.

4. The Debtors' banks and financial institutions are authorized, but not directed, to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for

Prepetition Taxes and Fees that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Interim Order.

5. Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable, the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**").

6. Nothing in the Motion or this Interim Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

7. Authorization to pay prepetition Taxes shall not create any additional obligation on the part of the Debtors or their officers, directors, attorneys or agents to pay such Taxes, and nothing in this Interim Order shall be deemed to increase, reclassify, elevate to administrative expense status or otherwise affect the prepetition Taxes to the extent they are not paid.

8. The final hearing (the "**Final Hearing**") on the Motion will be held on May 1, 2019, at 2:00 p.m. (Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (Eastern Time) on April 24, 2019, and served on the following parties: (i) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Linda J. Casey, Esq. (Linda.Casey@usdoj.gov)); (ii) Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: George Davis (George.Davis@lw.com), Andrew Parlen (Andrew.Parlen@lw.com), and Hugh Murtagh (Hugh.Murtagh@lw.com)) and 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Caroline Reckler (Caroline.Reckler@lw.com) and Jason Gott (Jason.Gott@lw.com)), proposed co-counsel for the Debtors; and (iii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins (Collins@RLF.com), Michael J. Merchant (Merchant@RLF.com), Amanda R. Steele (Steele@RLF.com), and Brendan J. Schlauch (Schlauch@RLF.com)), proposed co-counsel for the Debtors. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

9. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

10. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Interim Order.

US-DOCS\105686808.11 RLF1 21038762v.1

12. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Interim Order.

**Dated: April 2nd, 2019**
**Wilmington, Delaware**

*/s/ Kevin Gross*
**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

US-DOCS\105686808.11 RLF1 21038762v.1