**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HEXION HOLDINGS LLC, et al.,[1] | : | Case No. 19-10684 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | x | **Re: Docket No. 11** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO (A) PAY CERTAIN EMPLOYEE COMPENSATION AND BENEFITS,
(B) MAINTAIN AND CONTINUE SUCH BENEFITS AND OTHER EMPLOYEE-
RELATED PROGRAMS, AND (C) PAY PREPETITION CLAIMS OF CONTRACTED
LABOR AND (II) GRANTING RELATED RELIEF**

Upon the Debtors' motion (the "**Motion**")[2] for entry of an interim order (this "**Interim Order**") (i) authorizing the Debtors, in their discretion, as deemed necessary to continue to operate and preserve value, to (a) pay all prepetition wages, salaries, commissions, and compensation, and related administrative and incidental costs (all as described in the Motion and collectively, the "**Employee Compensation Obligations**") and prepetition employee benefits (all as described in the Motion and collectively, the "**Employee Benefit Obligations**"), (b) pay all employment, unemployment, Social Security, and federal, state, and local taxes relating to the Employee Compensation Obligations and Employee Benefit Obligations, whether withheld from wages or paid directly by the Debtors to governmental authorities (collectively,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

[2] Capitalized terms used but not defined in this Interim Order have the meanings used in the Motion.

"**Payroll Taxes**"), and make other payroll deductions, including, but not limited to, retirement and other employee benefit plan contributions, union dues, garnishments, and voluntary deductions (all as described in the Motion, and collectively with the Payroll Taxes, the "**Payroll Deduction Obligations**" and collectively with the Employee Compensation Obligations and Employee Benefit Obligations, the "**Prepetition Employee Obligations**"), (c) honor and continue the Debtors' prepetition programs, policies, and practices as described in the Motion with respect to the Prepetition Employee Obligations in the ordinary course of business, and (d) pay all prepetition claims of the Debtors' contracted labor (all as described in the Motion and collectively, the "**Prepetition Contracted Labor Obligations**") and (ii) granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Knight Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and such relief to be in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal

and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized but not directed, in their discretion and business judgment, to (i) pay or otherwise honor all Prepetition Employee Obligations, including prepetition severance obligations, in an amount not to exceed $16,150,000 on an interim basis; *provided* that the Debtors are not authorized to pay any severance obligations to any Senior Employee absent further order of the Court; (ii) honor and continue their programs, policies, and practices with respect to the Prepetition Employee Obligations that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtors honored and continued such programs, policies, and practices before the Petition Date, *provided* that the Debtors shall honor only the 2018 ICP Corrections, the Recognition Program and the Service Award Program, and no other Bonus and Incentive Plans under this Interim Order; *provided further* that the Debtors are not authorized to pay any amounts under any Bonus and Incentive Plan (including any paid time off in respect of accrued vacation days unless required by applicable non-bankruptcy law) to any Senior Employee absent further order of the Court; (iii) withhold all federal, state, and local taxes relating to the Employee Compensation Obligations and Employee Benefit Obligations as required by applicable law; and (iv) pay or otherwise honor the Prepetition Contracted Labor Obligations in an amount not to exceed $3,750,000 on an interim basis.

3. Notwithstanding any other provision of this Interim Order and absent further order of the Court, (i) payments on account of prepetition obligations in the interim

period shall be limited by sections 507(a)(4) and (a)(5) of the Bankruptcy Code and capped at the amount afforded priority by those statutory subsections; and (ii) the Debtors are not authorized to "cash out" unpaid vacation days upon termination/resignation of an employee in excess of the caps provided by sections 507(a)(4) or (a)(5) of the Bankruptcy Code unless applicable state law requires such payment.

4. The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for Prepetition Employee Obligations and Prepetition Contracted Labor Obligations that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Interim Order; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such payments. Further, the Debtors' banks and financial institutions are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Prepetition Employee Obligations or Prepetition Contracted Labor Obligations; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such transfers.

5. The Debtors are authorized to reissue payment for the Prepetition Employee Obligations and Prepetition Contracted Labor Obligations and to replace any inadvertently dishonored or rejected payments. Further, the Debtors are authorized to reimburse

any expenses that Employees or Contracted Labor may incur as a result of any bank's failure to honor a prepetition check.

6. Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable, the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**").

7. Nothing in the Motion or this Interim Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

8. The final hearing (the "**Final Hearing**") on the Motion will be held on May 1, 2019, at 2:00p.m. (Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (Eastern Time) on April 24, 2019, and served on the following parties: (i) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Linda J. Casey, Esq. (Linda.Casey@usdoj.gov)); (ii) Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: George Davis (George.Davis@lw.com), Andrew

Parlen (Andrew.Parlen@lw.com), and Hugh Murtagh (Hugh.Murtagh@lw.com)) and 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Caroline Reckler (Caroline.Reckler@lw.com) and Jason Gott (Jason.Gott@lw.com)), proposed co-counsel for the Debtors; and (iii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins (Collins@RLF.com), Michael J. Merchant (Merchant@RLF.com), Amanda R. Steele (Steele@RLF.com), and Brendan J. Schlauch (Schlauch@RLF.com)), proposed co-counsel for the Debtors.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

9. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

10. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Interim Order.

12. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Interim Order.

**Dated:** April 2nd, 2019
**Wilmington, Delaware**

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

US-DOCS\105687250.29 RLF1 21038851v.1