IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Hexion Holdings LLC, et al. | : | Chapter 11 |
| | : | |
| | : | Case No. 19-10684 |
| Debtors. | : | |
| | : | Jointly Administered |
| | : | |

### INITIAL MONTHLY OPERATING REPORT

File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation. Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession." Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection (Form IR-1)** | 13 week cash forecast attached | |
| **Certificates of Insurance:** | | |
| Workers Compensation | Attached | |
| Property | Attached | |
| General Liability | Attached | See umbrella policy for coverage |
| Vehicle | Attached | |
| Other: | | |
| Identify areas of self-insurance with liability caps | | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
| Tax Escrow Account | Cash Management Interim Order Attached | |
| General Operating Account | | |
| Money Market Account Pursuant to Local Rule 4001-3 for the District of Delaware *only*. Refer to: http://www.deb.uscourts.gov | | |
| Other: | | |
| **Retainers Paid (Form IR-2)** | Attached | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

_____     _____
Signature of Debtor                                               Date

_____     _____
Signature of Joint Debtor                                       Date

*George F. Knight*                                               *4/16/19*
Signature of Authorized Individual*                Date

*George F. Knight*                                               *Executive VP + CFO*
Printed Name of Authorized Individual         Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

RLF1 16684957v.1                                                                                                            Form IR (4/07)

**Hexion Inc.**
**13-Week Cash Flow Forecast and Liquidity Summary**

| Week Ending<br>*(in millions of USD)* | 4/5/19 | 4/12/19 | 4/19/19 | 4/26/19 | 5/3/19 | 5/10/19 | 5/17/19 | 5/24/19 | 5/31/19 | 6/7/19 | 6/14/19 | 6/21/19 | 6/28/19 | 13 Week |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Flow Summary** | | | | | | | | | | | | | | |
| **Total Operating Receipts** | $17.5 | $17.8 | $22.0 | $24.7 | $28.2 | $36.0 | $38.8 | $34.1 | $29.8 | $47.9 | $40.2 | $47.9 | $50.5 | $435.3 |
| Vendor Payments | (27.7) | (41.2) | (34.1) | (29.9) | (20.4) | (22.4) | (29.8) | (15.8) | (21.8) | (20.1) | (29.9) | (26.1) | (30.8) | (350.0) |
| Payroll & Benefits | (6.1) | (1.1) | (6.3) | (1.1) | (6.1) | (1.1) | (6.1) | (1.1) | (6.1) | (1.1) | (6.6) | (1.1) | (6.3) | (50.2) |
| Other Disbursements | - | (6.0) | (0.3) | (0.4) | (1.5) | - | (6.8) | (0.5) | (2.4) | (1.0) | (6.0) | (0.3) | | (25.1) |
| **Total Operating Disbursements** | (33.8) | (48.3) | (40.6) | (31.4) | (28.0) | (23.5) | (42.7) | (17.3) | (30.2) | (22.2) | (42.5) | (27.5) | (39.0) | (427.2) |
| **Operating Cash Flow** | (16.3) | (30.4) | (18.6) | (6.7) | 0.2 | 12.5 | (4.0) | 16.8 | (0.4) | 25.7 | (2.4) | 20.4 | 11.5 | 8.1 |
| Capital Expenditures | (0.9) | (0.9) | (0.8) | (0.8) | (0.8) | (0.8) | (0.8) | (0.8) | (0.8) | (0.8) | (0.7) | (0.7) | (0.7) | (10.0) |
| Interest/Fees | (17.9) | - | (67.4) | - | (3.2) | (0.1) | (0.3) | - | - | (3.0) | (0.3) | - | - | (92.1) |
| Other | (0.9) | - | 3.1 | 1.8 | - | 2.3 | 0.4 | 1.2 | 3.0 | 1.0 | 7.2 | 0.8 | | 20.0 |
| **Total Investing & Financing** | (19.7) | (0.9) | (65.1) | 1.0 | (3.9) | 1.4 | (0.6) | 0.4 | 2.2 | (2.7) | 6.2 | 0.2 | (0.2) | (81.6) |
| **US Net Cash Flow before Restr. Disb.** | (36.0) | (31.4) | (83.7) | (5.7) | (3.7) | 13.9 | (4.6) | 17.2 | 1.8 | 22.9 | 3.9 | 20.6 | 11.3 | (73.5) |
| Professional Fees | - | - | - | - | - | - | (5.0) | - | - | - | (4.5) | (5.0) | - | (14.4) |
| Deposits | - | (6.0) | - | - | - | - | - | - | - | - | - | - | - | (6.0) |
| **Total Restructuring Disbursements** | - | (6.0) | - | - | - | - | (5.0) | - | - | - | (4.5) | (5.0) | - | (20.4) |
| **US Net Cash Flow** | ($36.0) | ($37.4) | ($83.7) | ($5.7) | ($3.7) | $13.9 | ($9.6) | $17.2 | $1.8 | $22.9 | ($0.6) | $15.6 | $11.3 | ($93.9) |
| Proceeds from DIP Term Loan | 350.0 | - | - | - | - | - | - | - | - | - | - | - | - | 350.0 |
| EUR/CAD Cash Flow | (3.5) | 21.6 | (18.7) | (22.6) | (1.4) | 3.0 | 7.9 | (3.0) | (0.4) | 2.6 | 4.5 | (6.7) | 7.0 | (9.7) |
| **Net Cash Flow** | $310.5 | ($15.8) | ($102.4) | ($28.3) | ($5.1) | $17.0 | ($1.7) | $14.3 | $1.4 | $25.6 | $3.9 | $8.9 | $18.3 | $246.4 |
| **Liquidity Summary** | | | | | | | | | | | | | | |
| **Beginning Cash Balance** | $43.0 | $56.7 | $56.7 | $30.0 | $30.0 | $30.0 | $30.0 | $30.0 | $30.0 | $30.0 | $30.0 | $30.0 | $30.0 | $43.0 |
| Prepetition Revolver Repayment | (296.8) | - | - | - | - | - | - | - | - | - | - | - | - | (296.8) |
| Net Cash Flow | 310.5 | (15.8) | (102.4) | (28.3) | (5.1) | 17.0 | (1.7) | 14.3 | 1.4 | 25.6 | 3.9 | 8.9 | 18.3 | 246.4 |
| DIP Revolver Borrowing / (Repayment) | - | 15.8 | 75.7 | 28.3 | 5.1 | (17.0) | 1.7 | (14.3) | (1.4) | (25.6) | (3.9) | (8.9) | (18.3) | 37.4 |
| **Ending Cash Balance** | 56.7 | 56.7 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 |
| **DIP Beginning Revolver Availability** | 250.0 | 200.0 | 184.2 | 108.5 | 80.2 | 175.1 | 192.0 | 190.3 | 204.6 | 206.0 | 231.5 | 235.4 | 244.3 | 250.0 |
| Plus: Availability Increase | - | - | - | - | 100.0 | - | - | - | - | - | - | - | - | 100.0 |
| Reinstatement of LC's | (50.0) | - | - | - | - | - | - | - | - | - | - | - | - | (50.0) |
| (Borrowings) / Repayments | - | (15.8) | (75.7) | (28.3) | (5.1) | 17.0 | (1.7) | 14.3 | 1.4 | 25.6 | 3.9 | 8.9 | 18.3 | (37.4) |
| **DIP Ending Revolver Availability** | 200.0 | 184.2 | 108.5 | 80.2 | 175.1 | 192.0 | 190.3 | 204.6 | 206.0 | 231.5 | 235.4 | 244.3 | 262.6 | 262.6 |
| **Consolidated Liquidity \*** | $256.7 | $240.8 | $138.5 | $110.2 | $205.1 | $222.0 | $220.3 | $234.6 | $236.0 | $261.5 | $265.4 | $274.3 | $292.6 | $292.6 |

\* Consolidated Liquidity includes United States, Europe and Canada

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

DATE(MM/DD/YYYY): 04/16/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
Aon Risk Services Northeast, Inc.
Stamford CT Office
1600 Summer Street
Stamford CT 06907-4907 USA

**CONTACT NAME:**
PHONE (A/C. No. Ext): (866) 283-7122
FAX (A/C. No.): (800) 363-0105
E-MAIL ADDRESS:

**INSURED**
Hexion Holdings LLC and Hexion Inc.
180 East Broad Street
26th Floor
Columbus OH 43215 USA

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: Zurich American Ins Co | 16535 |
| INSURER B: American Zurich Ins Co | 40142 |
| INSURER C: AIG Europe Limited | AA1120841 |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

**COVERAGES**   CERTIFICATE NUMBER: 570075963156   REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

Limits shown are as requested

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY** ☐ CLAIMS-MADE  ☐ OCCUR | | | | | | EACH OCCURRENCE | |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | |
| | | | | | | | MED EXP (Any one person) | |
| | | | | | | | PERSONAL & ADV INJURY | |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC OTHER: | | | | | | GENERAL AGGREGATE | |
| | | | | | | | PRODUCTS - COMP/OP AGG | |
| A | **AUTOMOBILE LIABILITY** X ANY AUTO  OWNED AUTOS ONLY  SCHEDULED AUTOS  HIRED AUTOS ONLY  NON-OWNED AUTOS ONLY | | | BAP 5095891 06 | 07/01/2018 | 07/01/2019 | COMBINED SINGLE LIMIT (Ea accident) | $5,000,000 |
| | | | | | | | BODILY INJURY (Per person) | |
| | | | | | | | BODILY INJURY (Per accident) | |
| | | | | | | | PROPERTY DAMAGE (Per accident) | |
| C | **UMBRELLA LIAB** X  X OCCUR  **EXCESS LIAB** ☐ CLAIMS-MADE  DED X RETENTION | | | 62785136 SIR applies per policy terms & conditions | 07/01/2018 | 07/01/2019 | EACH OCCURRENCE | $25,000,000 |
| | | | | | | | AGGREGATE | $25,000,000 |
| | | | | | | | Retained Amount | $10,000,000 |
| B  A | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR / PARTNER / EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | Y/N  N | N/A | WC509588906 AOS  WC509588806 WI | 07/01/2018  07/01/2018 | 07/01/2019  07/01/2019 | X PER STATUTE  ☐ OTHER  E.L. EACH ACCIDENT  E.L. DISEASE-EA EMPLOYEE  E.L. DISEASE-POLICY LIMIT | $2,000,000  $2,000,000  $2,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Office of the United States Trustee is included as Additional Insured in accordance with the policy provisions of the Excess/Umbrella Liability, Auto Liability policy.

**CERTIFICATE HOLDER**
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington DE 19801 USA

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE**
*Aon Risk Services Northeast, Inc.*

©1988-2015 ACORD CORPORATION. All rights reserved.
ACORD 25 (2016/03)   The ACORD name and logo are registered marks of ACORD

| | | | |
|---|---|---|---|
| **AGENCY CUSTOMER ID:** | | | 570000048796 |
| **LOC #:** | | | |

# ADDITIONAL REMARKS SCHEDULE

Page _ of _

| AGENCY | NAMED INSURED |
|---|---|
| Aon Risk Services Northeast, Inc. | Hexion Holdings LLC and Hexion Inc. |
| **POLICY NUMBER** | |
| See Certificate Number: 570075963156 | |
| **CARRIER** — **NAIC CODE** | **EFFECTIVE DATE:** |
| See Certificate Number: 570075963156 | |

**ADDITIONAL REMARKS**

**THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,**
**FORM NUMBER:**   ACORD 25   **FORM TITLE:**  Certificate of Liability Insurance

Excess Carrier Participation

Starr Surplus Lines Insurance Company - Policy# 1000030767181 - XS $25M XS $50M
General Security Indemnity Co of Arizona - Policy# FA000176320181 - XS $25M XS $75M
Lloyd's Syndicate No. 2003/ Lloyd's Syndicate No. 33/ Lloyd's Syndicate No. 1084/ Lloyd's Syndicate No. 2121/ Lloyd's Syndicate No. 1969 - Policy# CSUSA1801700 -  XS $55M p/o $100M XS $100M

The following policies were placed by Aon (Bermuda) Ltd.

Arch insurance (Bermuda) - Policy # URP005722401 - XS $25M p/o $100M XS $100M
Chubb Bermuda Insurance Ltd.(Bermuda) - Policy# HEX1301XS004 - XS $25M XS $200M

Aon Risk Solutions (U.S) is authorized to generate and distribute certificates in an administrative capacity as evidence of insurance for the following policies.

Everest Insurance (Ireland), dac - Policy# XCDEX00007181 - XS $25M XS $25M
Argo Re - Policy# CSUSA1801678 - XS $20M p/o $100M XS $100M



# CERTIFICATE OF PROPERTY INSURANCE

DATE (MM/DD/YYYY): 04/05/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**PRODUCER**
Aon Risk Services Northeast, Inc.
Stamford CT Office
1600 Summer Street
Stamford CT 06907-4907 USA

CONTACT NAME:
PHONE (A/C. No. Ext): (866) 283-7122
FAX (A/C. No.): (800) 363-0105
E-MAIL ADDRESS:
PRODUCER CUSTOMER ID #: 570000048796

**INSURED**
Hexion Holdings LLC and Hexion Inc.
180 East Broad Street
26th Floor
Columbus OH 43215 USA

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: ACE American Insurance Company | 22667 |
| INSURER B: | |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

**COVERAGES**    CERTIFICATE NUMBER: 570075859331    REVISION NUMBER:

LOCATION OF PREMISES/ DESCRIPTION OF PROPERTY (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
Evidence of insurance.

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | | COVERED PROPERTY | LIMITS |
|---|---|---|---|---|---|---|---|---|
| A | X PROPERTY | | GPRN1442491A003 | 07/01/2018 | 07/01/2019 | | BUILDING | |
| | CAUSES OF LOSS | DEDUCTIBLES | | | | | PERSONAL PROPERTY | |
| | BASIC | BUILDING | | | | | BUSINESS INCOME | |
| | BROAD | | | | | | EXTRA EXPENSE | |
| | | CONTENTS | | | | | RENTAL VALUE | |
| | X SPECIAL | | | | | | BLANKET BUILDING | |
| | EARTHQUAKE | | | | | | BLANKET PERS PROP | |
| | WIND | | | | | | BLANKET BLDG & PP | |
| | FLOOD | | | | | X | Bldg & Pers Prop | $500,000,000 |
| | INLAND MARINE | | TYPE OF POLICY | | | | | |
| | CAUSES OF LOSS | | | | | | | |
| | NAMED PERILS | | POLICY NUMBER | | | | | |
| | CRIME | | | | | | | |
| | TYPE OF POLICY | | | | | | | |
| | BOILER & MACHINERY / EQUIPMENT BREAKDOWN | | | | | | | |

SPECIAL CONDITIONS / OTHER COVERAGES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Evidence of insurance.

**CERTIFICATE HOLDER**

Office of the United States Trustee
844 King Street, Suite 2207
Wilmington DE 19801 USA

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

AUTHORIZED REPRESENTATIVE
*Aon Risk Services Northeast, Inc.*

© 1995-2015 ACORD CORPORATION. All rights reserved.

ACORD 24 (2016/03)    The ACORD name and logo are registered marks of ACORD

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
HEXION HOLDINGS LLC, et al.,[1]                              :    Case No. 19-10684 (KG)
                                                             :
                         Debtors.                            :    Jointly Administered
                                                             :
------------------------------------------------------------ x    **Re: Docket No. 15**

**INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING
CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS; (II) WAIVING
CERTAIN UNITED STATES TRUSTEE REQUIREMENTS;
(III) AUTHORIZING CONTINUED PERFORMANCE OF INTERCOMPANY
TRANSACTIONS; AND (IV) GRANTING RELATED RELIEF**

Upon the Debtors' motion (the "**Motion**")[2] for entry of an interim order (this "**Interim Order**") (i) authorizing the Debtors to continue to use their centralized cash management system (the "**Cash Management System**") and bank accounts; (ii) waiving certain bank account and related requirements of the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"); (iii) authorizing the Debtors to continue their existing deposit practices under the Cash Management System; (iv) extending the time to comply with section 345(b) of the Bankruptcy Code; (v) authorizing Receivables Management consistent with historical practice; and (vi) authorizing the continued performance of Intercompany Transactions between and among the Debtors as well as certain of the direct and indirect non-Debtor subsidiaries of Hexion Holdings

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

[2] Capitalized terms used but not defined in this Interim Order have the meanings used in the Motion.

RLF1 21038576v.1

LLC (collectively, the "**Non-Debtor Affiliates**") and granting administrative expense priority to Intercompany Transactions; and (vi) granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Knight Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and such relief to be in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "**Final Hearing**") on the Motion will be held on May 1, 2019, at 2:00 p.m. (Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (Eastern Time) on April 24, 2019, and served on the following parties: (i) the Office of the United States Trustee for the District of Delaware, J. Caleb

US-DOCS\105656225.21 RLF1 21038576v.1

Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Linda J. Casey, Esq. (Linda.Casey@usdoj.gov)); (ii) Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: George Davis (George.Davis@lw.com), Andrew Parlen (Andrew.Parlen@lw.com), and Hugh Murtagh (Hugh.Murtagh@lw.com)) and 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Caroline Reckler (Caroline.Reckler@lw.com) and Jason Gott (Jason.Gott@lw.com)), proposed co-counsel for the Debtors; and (iii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins (Collins@RLF.com), Michael J. Merchant (Merchant@RLF.com), Amanda R. Steele (Steele@RLF.com), and Brendan J. Schlauch (Schlauch@RLF.com)), proposed co-counsel for the Debtors. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

4. Except as otherwise provided herein, the Debtors are authorized and empowered to continue to maintain and use their Cash Management System and bank accounts consistent with their prepetition practices.

5. All existing deposit agreements between the Debtors and the depository and disbursement banks listed on <u>Exhibit 1</u> hereto (collectively, the "**Banks**" and each a "**Bank**") shall continue to govern the postpetition cash management relationship between the Debtors and the Banks and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Debtors and the Banks are authorized, without further order of this Court, to implement such changes to the Cash Management System and procedures in the ordinary course of business in accordance with the terms of the existing

deposit and disbursement agreements, including opening any new bank accounts or closing any existing bank accounts, to the extent permitted by the Debtors' proposed postpetition secured debtor in possession financing ("**DIP Financing**"). The Banks are authorized to honor the Debtors' requests to close existing bank accounts or open new bank accounts.

6. The Debtors are authorized but not directed to (i) maintain and continue to use their existing bank accounts that are listed on the attached Exhibit 1 (the "**Debtor Bank Accounts**"), in the same manner and with existing account numbers, styles, and document forms as are currently employed; (ii) deposit funds in, and withdraw funds from, the Debtor Bank Accounts by usual means, including check, wire transfer, ACH transfer, draft, electronic fund transfer, centralized lockbox, or other items presented, issued, or drawn on the Debtor Bank Accounts; (iii) pay prepetition and ordinary-course bank fees for the Debtor Bank Accounts; (iv) perform their obligations under the Debtor Bank Accounts' governing documents and agreements; and (v) treat the Debtor Bank Accounts for all purposes as "debtor in possession" accounts ("**DIP Accounts**").

7. Each Bank is authorized to continue to administer, service, and maintain the Debtor Bank Accounts, as they were prepetition, without interruption and in the ordinary course, without further order of this Court, and to receive, process, honor, and pay all checks, drafts, wires, ACH transfers, electronic fund transfers, or other items presented, issued, or drawn on the Debtor Bank Accounts (collectively, the "**Disbursements**") on account of any claim this Court has granted the Debtors approval to pay, whether arising before, on, or after the Petition Date to the same extent the Debtors were responsible for such items prior to the Petition Date; *provided that* the applicable Debtor Bank Accounts contain sufficient funds.

4

5

8. All Banks are authorized and directed to accept and honor all representations from the Debtors as to which Disbursements should be honored and shall have no duty to inquire as to whether such payments are authorized by an order of this Court. If any banks nevertheless dishonor Court-approved Disbursements, the Debtors are authorized to issue replacement Disbursements consistent with the orders of this Court. No bank will be liable to the Debtors or their estates, or otherwise be in violation of the orders of this Court, for honoring a prepetition Disbursement or other Disbursement at the Debtors' direction.

9. Each Bank is authorized, without further order of this Court, to deduct applicable fees and expenses associated with services rendered to the Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the Debtors and to charge back to the appropriate accounts any amounts resulting from returned checks or other returned items, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers. The Debtors shall at all times maintain sufficient balances in the accounts at each Bank to secure their obligations to each Bank for the cash management and related services provided to the Debtors.

10. The Debtors are authorized to continue Receivables Management in the ordinary course of their businesses.

11. The Debtors are authorized to continue performing Intercompany Transactions arising from or related to the operation of their business in the ordinary course. Notwithstanding anything to the contrary set forth herein, the Debtors shall not, absent further order of this Court, (a) make cash payment on any Prepetition Intercompany Loan in an amount exceeding $500,000 in the aggregate, or (b) pay any capital contributions or dividends.

12. The Debtors are authorized to enter into and perform under the DIP Intercompany Loans to the extent necessary to effectuate the relief granted in the Court's interim order in respect of DIP Financing.

13. All payments from any authorized postpetition Intercompany Transactions are hereby accorded administrative expense priority under section 503(b) of the Bankruptcy Code, subject and junior to the claims, including adequate protection claims, granted in connection with any order(s) of this Court approving the DIP Financing. Each entity using funds that flow through the Cash Management System shall continue to bear the ultimate payment responsibility for those ordinary-course transactions. In connection with the Intercompany Transactions, the Debtors shall (x) maintain records for all transfers of cash so that all transactions (including Intercompany Transactions) can be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions, and (y) provide reasonable access to such records to the administrative agents under the DIP Financing, counsel to the ad hoc group of crossover noteholders, counsel to the ad hoc group of first lien noteholders, counsel to the ad hoc group of 1.5 lien noteholders, and counsel to any statutory committee appointed in these chapter 11 cases.

14. The Debtors are authorized to continue to utilize all third party providers necessary for the administration of their Cash Management System, including their third party payroll processor and benefits administrator. In addition, the Debtors are authorized, but not directed, to pay all prepetition or postpetition amounts due to such third party providers.

15. The UST Requirement that the Debtors close all existing bank accounts and open new DIP Accounts is hereby waived. The Debtor Bank Accounts are deemed to be DIP Accounts.

16. The UST Requirement that the Debtors open separate DIP Accounts for payroll and taxes is hereby waived.

17. The Debtors are authorized to continue using all checks, correspondence, and other business forms, including, but not limited to, purchase orders, multicopy checks, letterhead, envelopes, promotional materials, and other business forms, substantially as they existed immediately before the Petition Date without reference to the Debtors' status as debtors in possession; *provided that* once the Debtors' existing checks have been used, the Debtors will, when reordering checks, ensure that the designation "Debtor in Possession" and the corresponding bankruptcy case number are printed on all checks.

18. In each instance in which the Debtors hold Bank Accounts at banks that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen days after entry of this Interim Order the Debtors shall (a) contact the Banks, (b) provide the Banks with each of the Debtors' employer identification numbers, and (c) identify their bank accounts held as being held by a debtor-in-possession in a bankruptcy case and provide the main case number.

19. In any instance in which the Debtors hold Bank Accounts at banks that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good faith efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order, to the extent such Bank is a domestic bank. The U.S. Trustee's rights to seek further relief from this Court in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

20. The Debtors are hereby granted an extension of time for a period of thirty days (or such additional time as the U.S. Trustee may agree to) from the Petition Date (the

"**Extension Period**") within which to either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed with the U.S. Trustee. Such extension is without prejudice to the Debtors' right to request from this Court a further extension of the Extension Period or a final waiver of the requirements under section 345(b).

21. To the extent the Debtors seek to open any new bank accounts or close any existing bank accounts as permitted under paragraph 5 of this Interim Order, the Debtors shall give notice to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, the administrative agents under the DIP Financing, counsel to the ad hoc group of crossover noteholders, counsel to the ad hoc group of first lien noteholders, and counsel to the ad hoc group of 1.5 lien noteholders within 14 days after opening a new bank account or closing an existing bank account; *provided* that the Debtors shall open any such new bank account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at a bank willing to immediately execute such an agreement.

22. Despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate any quarterly fees due under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor, or other entity, pays those disbursements.

23. Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable, the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**").

24. Nothing in the Motion or this Interim Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

25. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

26. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

27. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Interim Order.

28. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Interim Order.

Dated: April 2, 2019
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATE BANKRUPTCY JUDGE

# Exhibit 1

## Debtor Bank Accounts

| Bank | Last Four Digits of Account # | Account Description |
|---|---|---|
| Bank of America Merrill Lynch | 0265 | Hexion Inc Receipts Account |
| Bank of America Merrill Lynch | 6538 | Hexion LLC Receipts/Disbursement Account |
| Bank of America Merrill Lynch | 6659 | Hexion Inc Concentration Account |
| Bank of America Merrill Lynch | 8518 | Hexion Inc Payroll Account |
| Bank of America Merrill Lynch | 8904 | Hexion Holdings LLC Receipts/Disbursement Account |
| PNC Bank | 4395 | Hexion Inc Funding Account |
| PNC Bank | 4408 | Hexion Inc AP Disbursement Account |
| PNC Bank | 8578 | Hexion Inc Disbursement Account |
| Moscow Citibank | 9001 | Hexion International Inc Disbursement Account |
| Moscow Citibank | 9002 | Hexion International Inc Disbursement Account |
| Citibank | 3255 | Hexion Inc Medical Insurance Disbursement Account |
| Bank of America Merrill Lynch | 5368 | Hexion Investments Inc Receipts/Disbursement Account |
| Bank of America Merrill Lynch | 2760 | Hexion Deer Park LLC Receipts/Disbursement Account |
| East West Bank | 8709 | Hexion Nova Scotia Finance, ULC Escrow Account |

In re: <u>Hexion Holdings LLC, et al.</u>                                                                              Case No. <u>19-10684</u>

Reporting Period: <u>April 1, 2019</u>

## SCHEDULE OF RETAINER PAID TO PROFESSIONALS
(This schedule is to include each Professional paid a retainer[1])

| Payee | Check Date | Check Number | Name of Payor | Amount | Amount Applied To Date | Balance[2] |
|---|---|---|---|---|---|---|
| PricewaterhouseCoopers LLP | 3/5/19 | Wire | Hexion Inc. | $125,000 | ($92,412) | $32,588 |
| Ernst & Young LLP | 2/19/19, 2/28/19, 3/12/19, 3/14/19 | Wire | Hexion Inc. | $375,000 | ($147,917) | $227,083 |
| Latham & Watkins LLP | 3/29/19 | Wire | Hexion Inc. | $4,626,525 (Evergreen) | ($4,488,991) | $137,534 |
| Richards, Layton & Finger, PA | 3/26/19 | Wire | Hexion Holdings LLC | $279,189 (Evergreen) | ($279,189) | $0 |
|  |  |  | Hexion Nova Scotia Finance, ULC | $50,000 | ($2,000) | $48,000 |
| AlixPartners, LLP | 1/22/19, 3/22/19 | Wire | Hexion Inc. | $2,100,000 (Evergreen) | ($1,507,601) | $592,399 |
| Omni Management Group, Inc. | 3/26/19 | Wire | Hexion Holdings LLC | $50,000 (Evergreen) | ($23,711) | $26,289 |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | 3/26/19 | Wire | Hexion Inc. | $1,000,000 | ($1,000,000) | $0 |
| J. Frank Associates, LLC | 3/15/19, 3/22/19 | Wire | Hexion Inc. | $220,000 | ($84,035) | $135,965 |
| Connell Foley LLP | 3/28/19 | Wire | Hexion Inc. | $25,000 | $0 | $25,000 |
| Garlington, Lohn & Robinson PLLP | 3/29/19 | Wire | Hexion Inc. | $3,000 | $0 | $3,000 |

---

[1] Identify all Evergreen Retainers

[2] Balances are as of 4/1/19 and may increase or decrease upon application of pre-petition invoicing.