## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                                : Chapter 11
                                                      :
HEXION HOLDINGS LLC, et al.,[1]                       : Case No. 19-10684 (KG)
                                                      :
                              Debtors.                : (Jointly Administered)
------------------------------------------------------------ x    **Re: D.I. 197 & 198**

## ORDER AUTHORIZING ASSUMPTION
## OF RESTRUCTURING SUPPORT AGREEMENT

Upon the Debtors' motion (the "**Motion**")[2] for entry of an order (this "**Order**")

authorizing the Debtors to assume the RSA, all as more fully set forth in the Motion; and due and

sufficient notice of the Motion having been provided under the particular circumstances, and it

appearing that no other or further notice need be provided; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief

requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and that this Court may

enter a final order consistent with Article III of the United States Constitution; and venue being

proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to

consider the relief requested in the Motion (the "**Hearing**"); and upon the Knight Declaration and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

the record of the Hearing and all the proceedings before the Court; and the Court having found and determined the relief requested in the Motion to be in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is FOUND AND DETERMINED THAT:[3]

A.      The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion and the requested relief is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate, and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules, and applicable local rules, and no other or further notice is necessary.

C.      The terms and conditions of the RSA are fair, reasonable, and the best available to the Debtors under the circumstances, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, are based on good, sufficient, and sound business purposes and justifications, and are supported by reasonably equivalent value and consideration. The RSA was negotiated in good faith and at arms' length among the Debtors, the Consenting Parties, and their respective professional advisors.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Rule 7052 of the Bankruptcy Rules.

D.      The obligation to pay fees and expenses set forth in Section 27 of the RSA constitutes an actual and necessary cost and expense to preserve the Debtors' estates and is reasonable and warranted on the terms set forth in the RSA in light of, among other things, (i) the significant benefit to the Debtors' estates of having (x) a definitive and binding restructuring support agreement providing for equity and debt commitments to fund the Debtors' proposed chapter 11 plan and (y) commitments to support such plan, and (ii) the substantial time, effort, and costs incurred by the Consenting Noteholders in negotiating and documenting the RSA, the Equity Backstop Agreement, and the Debt Backstop Agreement and reserving the funds to make the equity and debt investments contemplated thereby pending confirmation and effectiveness of a chapter 11 plan.

E.      The obligation to pay fees and expenses set forth in Section 27 of the RSA is a bargained for and integral part of the transactions contemplated by the RSA and, without such inducement, the Consenting Noteholders would not have agreed to the terms and conditions of the RSA.  Accordingly, such obligation is reasonable and enhances the value of the Debtors' estates.

F.      The entry into the RSA by the parties thereto, and the performance and fulfillment of their respective obligations thereunder, do not constitute the solicitation of a vote on a chapter 11 plan and comply with the Bankruptcy Code and any and all other applicable statutes, laws, regulations, or orders.

G.      All parties in interest have been afforded a reasonable opportunity to object and be heard with respect to the Motion and the RSA and all of the relief granted herein.

H.      The RSA and all accompanying relief requested in the Motion serve to maximize estate value for the benefit of all the Debtors' stakeholders and parties in interest, and

US-DOCS\107563684.3
RLF1 21260948v.1

are otherwise in the best interests of the Debtors, their estates, shareholders, creditors, and all parties in interest.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized to assume the RSA, a copy of which is attached hereto as <u>Exhibit 1</u>, effective upon entry of this Order.

3.      The RSA shall be binding and enforceable against the parties thereto in accordance with its terms.

4.      The failure to describe specifically or include any particular provision of the RSA in the Motion or this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the RSA be assumed by the Debtors in its entirety.

5.      The Debtors are authorized to execute, deliver, and perform one or more amendments, waivers, consents, or other modifications to and under the RSA, in each case in accordance with the terms of the RSA, and no further approval of the Court shall be required for any amendment, waiver, consent, or other modification to and under the RSA that does not have a material adverse effect on the Debtors' estates; *provided*, *however*, that copies of any such amendments, waivers, consents, or other modifications to and under the RSA shall promptly be provided to counsel to the Creditors' Committee.

6.      No uncured or unwaived default exists under the RSA and, therefore, the Debtors are not required to satisfy the requirements of section 365(b)(1) of the Bankruptcy Code. Accordingly, the Debtors are not required to: (a) cure, or provide adequate assurance that the Debtors will promptly cure, any default under the RSA; (b) compensate, or provide adequate assurance that the Debtors will promptly compensate, the Consenting Parties, for any actual

pecuniary loss resulting from any default; or (c) provide adequate assurance of future performance of the RSA.

7.      The RSA shall be solely for the benefit of the parties thereto and no other person or entity shall be a third party beneficiary thereof.  No entity shall have any right to seek or enforce specific performance of the RSA, other than the parties thereto.

8.      To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all of the terms and provisions of the RSA and this Order, including, without limitation, permitting the Consenting Parties to exercise all rights and remedies under the RSA in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

9.      The provisions of this Order, including all findings herein, shall be effective and binding upon all parties in interest in these chapter 11 cases, including, without limitation, all creditors of any of the Debtors, the Creditors Committee, any other committee appointed in these chapter 11 cases, and the Debtors, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereafter appointed or elected for any of the Debtors, any examiner appointed pursuant to section 1104 of the Bankruptcy Code, a responsible person, officer, or any other party appointed as a legal representative or designee of any of the Debtors or with respect to the property of the estate of any of the Debtors) whether in these chapter 11 cases, in any successor chapter 11 or chapter 7 cases (the "**Successor Cases**"), or upon any dismissal of any of these chapter 11 cases or any Successor Case, and shall inure to the benefit of the Consenting Parties and the Debtors and their respective permitted successors and assigns.  The Debtors shall use commercially reasonable efforts to consult with the Creditors' Committee with respect to any proposed modification or amendment to the RSA (or chapter 11 plan premised on the RSA) that

5

adversely impacts the rights of unsecured creditors thereunder or the proposed treatment of unsecured creditors' claims under the chapter 11 plan.

10.     The failure of any Consenting Party to seek relief or otherwise exercise its rights and remedies under this Order, the RSA, or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise of any of the Consenting Parties.

11.     In the event of any inconsistency between the terms and conditions of the RSA and this Order, the provisions of this Order shall govern and control.

12.     The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) confirming any chapter 11 plan in any of the Debtors' chapter 11 cases, (b) converting any of these chapter 11 cases to a case under chapter 7 of the Bankruptcy Code, (c) dismissing any of these chapter 11 cases or Successor Cases, or (d) pursuant to which the Court abstains from hearing any of these chapter 11 cases or Successor Cases.  The terms and conditions of this Order, and all of the terms and conditions of the RSA, notwithstanding the entry of any order referenced in the immediately prior sentence, shall continue in full force and effect in accordance with the terms hereunder and thereunder in these chapter 11 cases, in any Successor Cases, or following dismissal of these chapter 11 cases or any Successor Cases.

13.     For the avoidance of doubt and subject to the terms specified in the RSA, the obligation to pay the fees and expenses set forth in Section 27 of the RSA shall survive any termination of the RSA and constitute valid, binding, and enforceable obligations of the Debtors and their estates.

US-DOCS\107563684.3
RLF1 21260948v.1

14.     Notwithstanding anything to the contrary herein, nothing in this Order shall require the Debtors or any director or officer of the Debtors, in such person's capacity as a director or officer of a Debtor, to take any action inconsistent with or to refrain from taking any action consistent with, their fiduciary obligations under applicable law.

15.     The Debtors are hereby authorized and empowered to take all actions, execute all documents, and make all payments that may be necessary to perform under the RSA, including, without limitation, the payment of fees and expenses as provided in Section 27 of the RSA, and implement the relief granted in this Order, and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code. None of the professional fees and expenses payable pursuant to the RSA shall be subject to separate approval by this Court; *provided* that the Debtors, the U.S. Trustee and the Committee may object to the reasonableness of such professional fees and expenses included in any such fee invoice; *provided*, *further*, that any such objection shall be barred and deemed waived unless filed with the Bankruptcy Court and served on the applicable professional by 12:00 p.m. (prevailing Eastern Time) on the date that is no later than ten (10) business days after the objecting party's receipt of the applicable fee invoice, which may be in summary form.  If such objection is timely received, the Debtors shall promptly pay the portion of such invoice not subject to objection, and the Bankruptcy Court shall determine any such objection unless otherwise resolved by the applicable parties.

16.     The RSA and the terms and provisions included therein are approved in their entirety pursuant to sections 105, 363, and 365 of the Bankruptcy Code.  For the avoidance of doubt, the approval of the RSA pursuant to this Order does not constitute approval of any chapter 11 plan, including the chapter 11 plan contemplated thereby, and all parties' rights to object to

US-DOCS\107563684.3
RLF1 21260948v.1

confirmation of any chapter 11 plan proposed in these cases are hereby expressly reserved; *provided,* that the foregoing shall not modify or affect in any way the rights or obligations of any party to the RSA.

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

18.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

19.     Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

21.     This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 15th, 2019
Wilmington, Delaware

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE